From: MCAD (CAD) (mcad@state.ma.us)

To: kimdave67@yahoo.com

Cc: david.c.johnson@state.ma.us

Date: Tuesday, January 29, 2019, 03:48 PM EST

Dear Kim,

Please email your investigator directly, CC'd on this email.

H Harrison

Assistant to the Commissioners

MA Commission Against Discrimination

www.mass.gov/mcad

(617) 994-6147

---

**From:** Kim Cole [mailto:kimdave67@yahoo.com]
**Sent:** Tuesday, January 29, 2019 2:43 PM
**To:** MCAD (CAD); Lee Gonzalez; Kim Cole; Julia Cole
**Subject:** Re: Inquirey No. 567888

Hi Cromwell

This email is to advise you that Julia Cole and I left you a voice Mail message today @(617) 994-6000 with Julia authorizing the Complaint I filed with MCAD today to also be sent to her Name as well. She is in fact 18 YOA however has Authorized me to speak on her behalf re : Medical, legal matters with her IEP Team, her Health Insurers and Medical Providers . As we stated in message; any questions can be directed to Julia at our home # 781 536 4794 or on her cell # 781 299 4548. The above referenced Authorization Forms referenced will be copied and placed in Todays MCAD (double ) Complaint. To clarify, 1 copy for me (Kim Cole ) and 1 MCAD Complaint stating EXACT SAME DATA AS MINE for Julia Cole.

Note: I have CC'd to Julia Cole and HUD.

Thank you

Kim Cole

8 Fox Run #8

Marshfiekd, Ma

02050

On Tuesday, January 29, 2019, 9:55:55 AM EST, Kim Cole <kimdave67@yahoo.com> wrote:

For Cromwell , TY for taking my MCAD Complaint over the phone.

Sincerely, Kim Cole

8 Fox Run #8

Marshfield , MA

02050


----- Forwarded Message -----

**From:** Gonzalez, Lee <lee.gonzalez@hud.gov>

**To:** kimdave67@yahoo.com <kimdave67@yahoo.com>

**Sent:** Tuesday, November 27, 2018, 1:00:49 PM EST

**Subject:** RE: Inquirey No. 567888


Ms. Cole,


I will be contacting you soon.  I was out of the office due to the holiday.  I did received your emails.  Please, spare me time to review your allegation, please.......


**From:** Complaints Office 01
**Sent:** Tuesday, November 27, 2018 12:59 PM
**To:** Gonzalez, Lee <lee.gonzalez@hud.gov>
**Cc:** Torres, Carlos J <Carlos.J.Torres@hud.gov>
**Subject:** Fw: Inquirey No. 567888


**From:** Kim Cole <kimdave67@yahoo.com>
**Sent:** Monday, November 26, 2018 2:27 PM
**To:** Gonzalez, Lee; Kim Cole; Complaints Office 01; Jen Loud
**Subject:** Fw: Inquirey No. 567888


Hello Lee Gonzalez,

RE: Inquiry 567888

I am sending this (urgent)  email in response to a letter from Carlos Torresb , Acting Branch Chief at Intake , HUD I received in todays mail. It was dated November 20, 2018. My email  Responses were sent days prior (See email

tread here) I dont know HOW the 596 named Email of my RESPONSES to my message to Mr Lee Gonzalez didnt return my November 2, 2018 Voice mail response or when my letter response was received in your office via UD postal mail; but I can tell you that to receive today's response was a bit troubling. SEE the following email dates and times which reflects I did RESPOND to request for additional information which Mr Torres' letter states I did not (?)

**"From:** Kim Cole <kimdave67@yahoo.com>

**To:** Lee Gonzalez <lee.gonzalez@hud.gov>

**Sent:** Saturday, November 17, 2018, 12:53:52 PM EST

**Subject:** Inquiry No. 567888"


I shall assume Mr Torres letter was sent before my email was seen and read and letter were received at Causeway Street Boston office and that you will be responding to Inquiry 567888 after reopening Inquiry that r Torres closed in error.


I endeavored to be more than thorough by answering the Email Query Questions; sending the answers in Mail also AND calling . I also have a copy of the Responses o go to Jen Loud at Housing Solutions with a packet they needed to receive after my daughters 18th bday this week.

Please Reopen Inquiry # 567888 as I have been diligent in my efforts to ensure answers.

My home phone is 781 536 4794. I look forward to a prompt response and thank you in advance for your assistance with this follow up
.




----- Forwarded Message -----

**From:** Kim Cole <kimdave67@yahoo.com>

**To:** Lee Gonzalez <lee.gonzalez@hud.gov>

**Sent:** Saturday, November 17, 2018, 12:53:52 PM EST

**Subject:** Inquirey No. 567888


Dear Lee Gonzalez,


- What happened?
  - I was informed by my mother, who is a real estate agent, during a passing conversation regarding rentals that disabled people with comfort and care service pets cannot be charged extra (fees) for the pet. I briefly researched and found this link https://www.ada.gov/regs2010/titleIII_2010/titleIII_2010_regulations.htm

## Nondiscrimination on the Basis of Disability in Public Accommodations and Commercial Facilities - ada.gov

www.ada.gov

Water Closet Clearances The Department gave careful consideration to the costs and benefits of its adoption of the standards relating to water closet clearances in single-user toilet rooms.

- 
- *Prohibition against surcharges for use of a service animal.* In the NPRM, the Department proposed to incorporate the previously mentioned policy guidance, which prohibits the assessment of a surcharge for the use of a service animal, into proposed § 36.302(c)(8). Several commenters agreed that this provision makes clear the obligation of a place of public accommodation to admit an individual with a service animal without surcharges, and that any additional costs imposed should be factored into the overall cost of doing business and passed on as a charge to all participants, rather than an individualized surcharge to the service animal user. Commenters also noted that service animal users cannot be required to comply with other requirements that are not generally applicable to other persons. If a public accommodation normally charges individuals for the damage they cause, an individual with a disability may be charged for damage caused by his or her service animals. The Department has retained this language, with minor modifications, in the final rule at § 36.302(c)(8).

- When did it happened?
  - October 2018
- Where did it happened?
  - Fox Run, Marshfield MA (the Village at Marshfield managed by Home Properties)
- Who said what?
  - Kim Cole posed this query of HUD via their phone line and Inquiry No. 567888 resulted from that call. I can appreciate that this inquiry is called a complaint, however I presume that South Shore Housing, HUD, and Home Properties (one or all) would be privy to this information which I maintain should have been the case since the inception of my lease hear at Fox Run.
- Why do you believe is discrimination? (race, color, national origin, religion, sex, familial status, and/or disability)
  - Disability because according to MGL Section 36.302 (c)(8) which is "Prohibition against surcharges for use of a service animal."
- How did you found out about the property (craigslist, newspaper, website, sign in property, etc.)
  - Online; sadly after being a victim of the Independent Foreclosure Review and illegally losing my owned property in Massachusetts I sought the assistance of South Shore housing in Kingston.
- Do you have a copy of the advertisement (please provide a copy)
  - No
- Did you request a reasonable accommodation and when?
  - Yes, I called and emailed HUD and made notations (regarding Inquiry No. 567888) in my November 2018 LEASE with Home Properties
- Did the request was denied? When?  Who denied the request? And, Why?
  - The request has not been denied.
- How does your disability affect your daily life activities?
  - Years of ongoing medical and legal issues following exposure to 15500 mc/dl of lead by the CLPPP (Massachusetts Childhood Lead Poisoning Prevention Program) have caused a great deal of anguish for me and the entirety of my family and many friends that were also exposed to the CLPPP error in 2003. Part and parcel to that lead exposure was the subsequent exposure lead to the deaths of our two cats who resided in the house at the time of the exposure. Because of the great comfort and care those cats brought to our family, we have brought new ones into our life as they are in Julia's best interest to have in the house. Lead poisoning results in emotional instability, and part of Julia's disability is Anxiety, and these cats help with the management of that.

- Why do you need this accommodation?
  - As stated above, this accommodation helps with my daughter, Julia's, Anxiety, as well as with the emotional instability brought on by lead poisoning. While i am aware that some commentators proposed specific training for service animals, the law states that service animals must only be housebroken and under the control of its handler. These cats have significantly improved our quality of life hand helped to manage our disabilities to such an extant that Julia is strongly considering bringing one to college with her under the American with Disabilities Act (1990)

In closing, I would like it noted that after the treachery of lead poisoning at the hands of the state and losing our home, having all of our health compromised with a lifetime disease with no cure that I have enjoyed a quiet tenancy hear at Fox Run, they are addressing my broken laundry card, terminated the services of a perverted maintenance worker (who had been handling the unresolved broken laundry card issue until his termination) so I do not wish for this to be disruptive. I am merely asking the question of disability rights regarding our comfort and care animals.

Best,

Kim Cole

From:   Gonzalez, Lee (lee.gonzalez@hud.gov)

To:   Kimdave67@yahoo.com

Date:   Thursday, October 25, 2018, 09:35 AM EDT

*Ms. Lee González*

Equal Opportunity Specialist

U.S. Department of HUD

10 Causeway Street, Room 321

Boston, MA 02222

(617) 994-8317 (Office)

(617) 565-7313 (Fax)


Inquiry Notification Letter MASTER.doc
58kB



**U.S. Department of Housing and Urban Development**

Office of Fair Housing & Equal Opportunity
Thomas P. O'Neill, Jr. Federal Building
10 Causeway Street, Room 321
Boston, Massachusetts 02222-1092

New England

(617) 994-8300
(617) 565-7313 (FAX)

October 25, 2018

Kim Cole
8 Fox Run, #8
Marshfield, MA 02050
Kimdave67@yahoo.com

Dear Ms. Cole:

Subject:  Cole  v.  Home Properties/Housing Solutions
          Inquiry No. 567888

This letter is to acknowledge receipt of your inquiry. We will evaluate to determine if your allegations can be investigated under the jurisdictional requirements of the Fair Housing Act. HUD attempts to complete this intake process within 30 days of the receipt of your inquiry. Your collaboration is essential during this entire intake process.

During this process, you will be required to interact with the analyst assigned to your inquiry. This interaction includes but is not limited to: answering questions and providing requested documentation; returning phone calls, emails and any other correspondence sent to you for a reply; providing any other documentation the analyst deems necessary to proceed with the evaluation of your allegations. Please ensure that this office has your current telephone number and mailing address and keep us advised of any changes. Failure to respond to your analyst may result in the closure of your inquiry.

If you have any question please contact the analyst assigned to your inquiry, **Ms. Lee González** at **617-994-8317** or (800) 827-5005 or by email to Lee.Gonzalez@hud.gov.  Our TDD number is (617) 565-5453.

Sincerely,

Lee González
Acting Intake Branch Chief

### COMPLAINTS ACCEPTED FOR INVESTIGATION:

If your complaint is accepted for investigation:

- The Intake Analyst will prepare the formal complaint for your signature. The summary of allegations will be written in a different format from the information you originally provided.

- Additionally, the complaint will include your name and address, the name(s) of the persons living in the unit, the names of the persons alleged to have violated the Act and the owner and management agent for the property.

- You should review the document carefully to ensure that it is consistent with your allegations, sign it and return it to the Intake Analyst as soon as possible. If you do not agree with the summary of allegations, you should contact the Intake Analyst.

- Do not write on the actual document.

- *If you do not return the signed complaint your case will be closed due to your failure to respond.*

### RECEIPT OF THE SIGNED COMPLAINT

After receiving your signed complaint, the Intake Branch then:

- Transfers your file to a State Agency or a HUD Enforcement Branch for investigation. After transfer, the Intake Analyst no longer has responsibility for your case.

- You and the person(s) you complained about will receive a copy of the signed complaint with a formal letter giving you the case name, number and the contact information for the officer assigned to investigate your case.

- Your case will be assigned to an investigator after the investigating office receives your file from the Intake Branch. *All communication should be with the assigned investigator.*

- The assigned investigator will then contact you and the person(s) or organization you complained about.

- You should keep all documents related to your complaint such as receipts, letters, newspaper or internet ads, telephone numbers, tapes, photos, etc. in a safe place because the assigned investigator will need them.

- You will also be asked to write down a timeline of what happened that led you to file the complaint. The timeline will assist the investigator in the investigation.

- The assigned investigator will discuss options for settlement of your case.

We appreciate your patience and cooperation. Thank you.

## OFFICE OF FAIR HOUSING & EQUAL OPPORTUNITY

### *COMPLAINT INTAKE PROCESS*

Below is an explanation of what you can expect regarding the Intake Process

### AFTER SUBMISSION OF YOUR ONLINE COMPLAINT:

- You should expect to receive a call or letter from the person assigned to your complaint within 15-days from the date we received your complaint. Depending on the type of complaint and the issues associated with it; the review process may take several weeks after we have all the needed information to process your complaint.

- We do not advocate or represent you (the complainant(s)) or the person(s) you are complaining about (respondent(s)).

- The Intake Branch does not communicate or contact the person(s) you are complaining about during the intake process.

- We conduct a review of your complaint to determine if the issue(s) you are complaining about meet the jurisdictional or allowable requirements of the fair housing laws.

- During this process, you will be required to interact with the Intake Analyst assigned to your inquiry. This interaction includes but is not limited to: answering questions and providing requested documentation; returning phone calls, emails and any other correspondence sent to you for a reply.

- Failure to interact or respond to your Intake Analyst may result in the closure of your inquiry.

- *Not all complaints received are accepted for investigation.*

### COMPLAINTS NOT ACCEPTED FOR INVESTIGATION:

If after reviewing your complaint and it is *not accepted* for investigation:

- You will receive correspondence notifying you your complaint was not accepted for investigation.

- In some instances, we may refer you to a different HUD Office or outside agency that may be able to help you with your non-jurisdictional complaint.

- You may wish to commence a civil action in an appropriate United States district court or State court on your own or with the help of an attorney.

Re: Inquirey No. 567888

From: Dionne Spearin (dspearin@housingsolutionssema.org)

To: mcad@state.ma.us; lee.gonzalez@hud.gov; mcad@mass.gov; jloud@housingsolutionssema.org;
complaintsoffice01@hud.gov; juliacole143@gmail.com; vsoto@housingsolutionssema.org;
xxkmf826xx@yahoo.com; mcsqrd@gmail.com; kimdave67@yahoo.com

Date: Wednesday, February 20, 2019, 07:52 AM EST

Kim,
There's is a new owner. We have yet to get new owner information.

Dionne Spearin
Continued Occupancy Manager

Housing Solutions for Southeastern MA

169 Summer Street
Kingston, MA 02364

781-422-4254
781-585-7483 f

On Wed, Feb 20, 2019 at 7:38 AM -0500, "Kim Cole" <kimdave67@yahoo.com> wrote:

Dear Mr Harrison,
Please note that Julia Cole (my daughter) and I have returned the Summary Of Events mailed to she and I from
MCAD dated 29 January 2019.
I wish to note that I will be sending along and am following up today with this email and further paperwork. A
mere several hours after I mailed the Summary I received a 14 NOTICE QUIT from The Village at Marshfield. I
immediately called the Main office and spoke to Diane about the notice signed by L. Kershaw. Diane stated that
the eviction notice was left in error and was irrelevant. She said that Housing had yet to pay this months rent (I
do not know why this is the case and have endeavored on endless occasions to clarify the rental amount with
several Housing agents re: pets and disability care animals, etc) There have been over 5 agents from Housing
Solutions that have worked on my file and the answers have been difficult to get resolution with as I have had to
explain the aforementioned issues to so many of them. Note : I have cc'd some of them in this email. I have
also recently returned a packet of required Forms to Housing (one of them NOTARIZED) upon Julia Cole turning
18 so she and I  I assumed that Housing Solutions was compiling that data as well.
 Note that the query with Ms. Gonzalez (dated October 2018) is Attached in above email thread.
 I dispute the eviction for obvious reasons and am deeply concerned that my responses to Lee Gonzalez's
Questions  re : QUERY 567888 may have something to do with this unfair notice. As I stated in my responses to
Ms Gonzalez:
 " IN CLOSING I WOULD LIKE IT NOTED THAT THE TREACHERY OF LEAD POISONING AT THE HANDS
OF THE STATE AND LOSING OUR HOME , HAVING ALL OF OUR COLLECTIVE HEALTH COMPROMISED
WITH A LIFE LONG DISEASE WITH NO CURE THAT I HAVE ENJOYED A QUIET TENANCY HERE AT FOX
RUN...SO I DO NOT WISH FOR THIS TO BE DISRUPTIVE . I WAS MERELY ASKING THE QUESTION OF
DISABILITY RIGHTS REGARDING OUR COMFORT AND CARE ANIMALS".
Please add this email to my MCAD concerns with Mr. Cromwell; the Intake Specialist's Summary responses
upon receipt .

There was confusion with Ms. Gonzalez and they in error closed the Query for 567888 despite the fact that had indeed received my responses but then upon my questioning that premature and erroneous response sent a REASONABLE ACCOMMODATION DETERMINATION LETTER (TT#31988) dated 12/27/18. that was sent by Kelly Eldredge , Continued Occupancy Manager at Housing Solutions. Clearly, Housing Solutions is to be included in these aforementioned concerns as they not only have known about my disability and lead poisoning issues since the onset of the tenancy . I have H.S. file full of letters, emails , and visits I sent and made to Housing to figure out the ongoing discrepancies . I was even informed by Housing Solutions that they would help me move when Housing Properties did absolutely nothing about their construction worker doing work here at Building 8 caused damage to my Nissan when the worker threw refuse off of the porch above me . My sons girlfriend Kaitlyn Fano took photographs and the MPD was called as L. Kershaw instructed me to call them. She is who sent out the 14 day notice but has yet to address the damage to my vehicle. It is my feeling that my standing up for Human Rights and Property / renters Rights has resulted in this 14 day notice and that is an enormous concern. I have been under the care of several Doctors for medical issues related to my Left foot and problems encountered with it since a 2014 surgery that went very badly and has resulted in lengthy follow up care; hence I seek to resolve these matters ASAP and focus on mine and my families lives and not endless confusing paperwork that I have spent an inordinate amount of time on. Additionally, I have a Superior Court case in (pending) Appeal and a a Federal case re: My Families Lead Poisoning in 2003 at the hands of the MASS CLPPP and this situation is merely part and parcel of the 15+ years of substandard care of a Family that endured PB poisoning  due to failed policy by the Commonwealth. These rental concerns are  frightfully troublesome and time consuming and resolution to these above matters would allow for my focus to be where it needs to be.
Thank you for your prompt attention with this .
Sincerely,
Kim Cole
8 Fox Run #8
Marshfield , Ma.
02050

On Tuesday, January 29, 2019, 3:48:44 PM EST, MCAD (CAD) <mcad@state.ma.us> wrote:

Dear Kim,
Please email your investigator directly, CC'd on this email.

H Harrison
Assistant to the Commissioners
MA Commission Against Discrimination
www.mass.gov/mcad
(617) 994-6147

**From:** Kim Cole [mailto:kimdave67@yahoo.com]
**Sent:** Tuesday, January 29, 2019 2:43 PM
**To:** MCAD (CAD); Lee Gonzalez; Kim Cole; Julia Cole
**Subject:** Re: Inquiry No. 567888

Hi Cromwell
This email is to advise you that Julia Cole and I left you a voice Mail message today  @(617) 994-6000 with Julia authorizing the Complaint I filed with MCAD today to also be sent to her Name as well.  She is in fact 18 YOA however has Authorized me to speak on her behalf re : Medical, legal matters with her IEP Team, her Health Insurers and Medical Providers . As we stated in message; any questions can be directed to Julia at our home # 781 536 4794 or on her cell # 781 299 4548. The above referenced Authorization Forms referenced will be copied and placed in Todays MCAD

(double ) Complaint. To clarify, 1 copy for me (Kim Cole ) and 1 MCAD Complaint stating EXACT SAME DATA AS MINE for Julia Cole.

Note: I have CC'd to Julia Cole and HUD.

Thank you
Kim Cole
8 Fox Run #8
Marshfiekd, Ma
02050

On Tuesday, January 29, 2019, 9:55:55 AM EST, Kim Cole <kimdave67@yahoo.com> wrote:

For Cromwell , TY for taking my MCAD Complaint over the phone .
Sincerely, Kim Cole
8 Fox Run #8
Marshfield , MA
02050

----- Forwarded Message -----
**From:** Gonzalez, Lee <lee.gonzalez@hud.gov>
**To:** kimdave67@yahoo.com <kimdave67@yahoo.com>
**Sent:** Tuesday, November 27, 2018, 1:00:49 PM EST
**Subject:** RE: Inquirey No. 567888

Ms. Cole,

I will be contacting you soon. I was out of the office due to the holiday. I did received your emails. Please, spare me time to review your allegation, please.......

**From:** Complaints Office 01
**Sent:** Tuesday, November 27, 2018 12:59 PM
**To:** Gonzalez, Lee <lee.gonzalez@hud.gov>
**Cc:** Torres, Carlos J <Carlos.J.Torres@hud.gov>
**Subject:** Fw: Inquirey No. 567888

**From:** Kim Cole <kimdave67@yahoo.com>
**Sent:** Monday, November 26, 2018 2:27 PM
**To:** Gonzalez, Lee; Kim Cole; Complaints Office 01; Jen Loud
**Subject:** Fw: Inquirey No. 567888

Hello Lee Gonzalez,

FW: Inquirey No. 567888

From:  Torres, Carlos J (carlos.j.torres@hud.gov)

To:     kimdave67@yahoo.com

Date:  Wednesday, February 27, 2019, 09:33 AM EST

Ms. Cole,


I hope you're well this morning. I wanted to let you know that the two HUD email addresses you used below for Lee Gonzalez and Complaints Office 01 are no longer relevant to your claim. Lee only processes complaint intake and the Complaint address is only for forwarding emails to complaint intake specialists. Neither is involved with your claim any longer now that it is under investigation. If you could please take them off of your correspondence list for this matter, it would be appreciated.


Thanks!


Carlos


Carlos J. Torres

Acting Intake Branch Chief


U.S. Department of Housing and Urban Development

Office of Fair Housing and Equal Opportunity

Thomas P. O'Neill Federal Building

10 Causeway Street--Room 321

Boston, MA 02222-1092


T: (617) 994-8307

C: (202) 655-1381

Carlos.J.Torres@hud.gov

Disclaimer: The content of this email message and any attachments are intended for specific recipients and are privileged and confidential. If you have received this email in error, please kindly delete its contents and advise the sender via reply e-mail of the delivery mistake.

Personal pronouns: him, he, his. Please indicate if you require an accommodation to accept this message.

**From:** Kim Cole <kimdave67@yahoo.com>
**Sent:** Tuesday, February 26, 2019 8:42 AM
**To:** MCAD (CAD) <mcad@state.ma.us>; Gonzalez, Lee <lee.gonzalez@hud.gov>; mcad@mass.gov; Jen Loud <jloud@housingsolutionssema.org>; Complaints Office 01 <ComplaintsOffice01@hud.gov>; Julia Cole <juliacole143@gmail.com>; Victor Soto <vsoto@housingsolutionssema.org>; KaitRyn Fano <xxkmf826xx@yahoo.com>; mcsqrd@gmail.com; Dionne Spearin <DSpearin@housingsolutionssema.org>; mcgovmnt@juno.com; patrick.oconnor@masenate.gov; Governor Charlie Baker <reply-fef5127571670c-758_html-27120245-7283818-2@email.prospergroupcorp.com>
**Subject:** Re: Inquirey No. 567888

Hi Dionne,

I spoke with Diane in the Village At Marshfield Office yesterday. She informed me that Housing Solutions has yet to pay their portion of my Rent at 8 Fox Run #8 . I am Tenant #31988. My rent amount has been revised due to financial changes and I also recently sent a packet of (one of them Notarized) forms to Housing as Julia turned 18. I believe I have completed ALL requested docs, and met my obligation to pay my rent, and made appropriate Queries when there were concerns, questions. L. Kershaw who is listed on 14 Day Notice is named as Landlord , by its Agent is now on vacation.

The copy of the 14 Day NOTICE TO QUIT I dropped off to Housing Solutions yesterday was taken by the gal at the front desk who said she would get it to you as Jenn Loud wasn't in the office yesterday. Nor was there anyone who could speak to me regarding this most perplexing, troublesome issue. I would like something in black & white attesting to the fact that Housing owes the rent money and that a 14 Day NOTICE to QUIT is stopped asap.

Diane stated that the rental share for me each month as of Nov 208 is $553. She said of the $1,384.24 that the 14 Day Notice states is owed ; Housing Solutions owes $1,219.00. Once that is paid; it is leaving a balance for me that I am uncertain exactly how much until such time as Housing pays their portion and I can get an Exact figure. I paid $530 this last month as I have data stating that was my portion so if I owe that 23 dollars I wish to pay that at once. . She said Housing just sent them a $98 check towards my account. I was unsure what that was covering. As Victor Soda and Jenn Loud know; Housing Solutions recently issued me a refund stating I had OVERPAID so now getting this Notice has me quite confused as to how to resolve this situation. Obviously, I wish to fix this immediately . Please respond in writing so i have that to ensure our Continued Occupancy and that the Notice to Quit (unsigned by person giving service btw) Dated 18 February, 2019 is NOT VALID.

Thank you .

Kim Cole

8 Fox Run #8

Marshfield, Mass.

02050

781 536 4794

On Wednesday, February 20, 2019, 8:52:11 AM EST, Kim Cole <kimdave67@yahoo.com> wrote:

Thank you to Dionne for her response. It put my mind at ease when she informed me on the telephone this morning that the 14 day Notice was an error due to the fact that Home properties is Under New management so Housing Solutions was unsure of whom to pay their rental portion for my rent to.  Now that Julia is 18 she is obviously part and parcel to this and the last thng my daughter needs is to have to try to figure out an issue that has been happening since she was a teenager who did not need to be mindful o the ins and outs of matters such as these & she was upset with even a ptential issue with our tenancy and the roof over our heads. She has endured a great deal in her 18 years and I have tried at every juncture to ease her mind about our living environs.
   This  email response / information is appreciated although it is a smidge different from what Diane at the Main office said.  She stated in a phone call 2 weeks ago to me  that she had heard from Housing that "I was going through alot" (unsure what THAT meant) and that she would be calculating  what I owed them (Home properties) . Yet, next thing is that the 14 day NOTICE was left under my door found by Julia yesterday  stating the TOTAL DUE was : $1,384.24 .
Last word was that my new Rent was $530 but with all of the confusion, if I was mistaken on that amount (my portion) I wish to resolve that and pay any amount to be determined that I owe. I doo my very best to be on time and updated o my renters responsibilities and payments .
Please accept my apologies on this end for any outstanding balance but I have diligently tried to ensure the appropriate tenant rent amount is paid ; and  done so in a timely fashion.
Have a nice day.
Sincerely,
Kim Cole

On Wednesday, February 20, 2019, 7:52:51 AM EST, Dionne Spearin <DSpearin@housingsolutionssema.org> wrote:

Kim,
There's is a new owner. We have yet to get new owner information.

Dionne Spearin
Continued Occupancy Manager

Housing Solutions for Southeastern MA

169 Summer Street
Kingston, MA 02364

781-422-4254
781-585-7483 f

On Wed, Feb 20, 2019 at 7:38 AM -0500, "Kim Cole" <kimdave67@yahoo.com> wrote:

Dear Mr Harrison,
Please note that Julia Cole (my daughter)  and I have returned the Summary Of Events mailed to she and I from MCAD dated  29 January 2019.

I wish to note that I will be sending along and am following up today with this email and further paperwork. A mere several hours after I mailed the Summary I received a 14 NOTICE QUIT from The Village at Marshfield. I immediately called the Main office and spoke to Diane about the notice signed by L. Kershaw. Diane stated that the eviction notice was left in error and was irrelevant. She said that Housing had yet to pay this months rent (I do not know why this is the case and have endeavored on endless occasions to clarify the rental amount with several Housing agents re: pets and disability care animals, etc) There have been over 5 agents from Housing Solutions that have worked on my file and the answers have been difficult to get resolution with as I have had to explain the aforementioned issues to so many of them. Note : I have cc'd some of them in this email. I have also recently returned a packet of required Forms to Housing (one of them NOTARIZED) upon Julia Cole turning 18 so she and I I assumed that Housing Solutions was compiling that data as well.

Note that the query with Ms. Gonzalez (dated October 2018) is Attached in above email thread.

I dispute the eviction for obvious reasons and am deeply concerned that my responses to Lee Gonzalez's Questions re : QUERY 567888 may have something to do with this unfair notice. As I stated in my responses to Ms Gonzalez:

" IN CLOSING I WOULD LIKE IT NOTED THAT THE TREACHERY OF LEAD POISONING AT THE HANDS OF THE STATE AND LOSING OUR HOME , HAVING ALL OF OUR COLLECTIVE HEALTH COMPROMISED WITH A LIFE LONG DISEASE WITH NO CURE THAT I HAVE ENJOYED A QUIET TENANCY HERE AT FOX RUN...SO I DO NOT WISH FOR THIS TO BE DISRUPTIVE . I WAS MERELY ASKING THE QUESTION OF DISABILITY RIGHTS REGARDING OUR COMFORT AND CARE ANIMALS".

Please add this email to my MCAD concerns with Mr. Cromwell; the Intake Specialist's Summary responses upon receipt .

There was confusion with Ms. Gonzalez and they in error closed the Query for 567888 despite the fact that had indeed received my responses but then upon my questioning that premature and erroneous response sent a REASONABLE ACCOMMODATION DETERMINATION LETTER (TT#31988) dated 12/27/18. that was sent by Kelly Eldredge , Continued Occupancy Manager at Housing Solutions. Clearly, Housing Solutions is to be included in these aforementioned concerns as they not only have known about my disability and lead poisoning issues since the onset of the tenancy . I have H.S. file full of letters, emails , and visits I sent and made to Housing to figure out the ongoing discrepancies . I was even informed by Housing Solutions that they would help me move when Housing Properties did absolutely nothing about their construction worker doing work here at Building 8 caused damage to my Nissan when the worker threw refuse off of the porch above me . My sons girlfriend Kaitlyn Fano took photographs and the MPD was called as L. Kershaw instructed me to call them.

She is who sent out the 14 day notice but has yet to address the damage to my vehicle. It is my feeling that my standing up for Human Rights and Property / renters Rights has resulted in this 14 day notice and that is an enormous concern. I have been under the care of several Doctors for medical issues related to my Left foot and problems encountered with it since a 2014 surgery that went very badly and has resulted in lengthy follow up care; hence I seek to resolve these matters ASAP and focus on mine and my families lives and not endless confusing paperwork that I have spent an inordinate amount of time on. Additionally, I have a Superior Court case in (pending) Appeal and a a Federal case re: My Families Lead Poisoning in 2003 at the hands of the MASS CLPPP and this situation is merely part and parcel of the 15+ years of substandard care of a Family that endured PB poisoning due to failed policy by the Commonwealth. These rental concerns are frightfully troublesome and time consuming and resolution to these above matters would allow for my focus to be where it needs to be.

Thank you for your prompt attention with this .

Sincerely,
Kim Cole
8 Fox Run #8
Marshfield , Ma.
02050

On Tuesday, January 29, 2019, 3:48:44 PM EST, MCAD (CAD) <mcad@state.ma.us> wrote:

Dear Kim,
Please email your investigator directly, CC'd on this email.

H Harrison

## Fw: Inquirey No. 567888

From: Kim Cole (kimdave67@yahoo.com)

To: mcad@mass.gov; mcad@state.ma.us

Date: Tuesday, March 12, 2019, 11:47 AM EDT

Per Brad's request on the phone this morning; I am forwarding what I have archived regarding the Inquiries .
Have a nice day.
Kim (and Julia) Cole
8 Fox Run #8
Marshfield, Ma.
02050

----- Forwarded Message -----
**From:** Torres, Carlos J <Carlos.J.Torres@hud.gov>
**To:** kimdave67@yahoo.com <kimdave67@yahoo.com>
**Sent:** Wednesday, February 27, 2019, 9:33:52 AM EST
**Subject:** FW: Inquirey No. 567888

Ms. Cole,

I hope you're well this morning. I wanted to let you know that the two HUD email addresses you used below for Lee Gonzalez and Complaints Office 01 are no longer relevant to your claim. Lee only processes complaint intake and the Complaint address is only for forwarding emails to complaint intake specialists. Neither is involved with your claim any longer now that it is under investigation. If you could please take them off of your correspondence list for this matter, it would be appreciated.

Thanks!

Carlos

Carlos J. Torres

Acting Intake Branch Chief

U.S. Department of Housing and Urban Development

Office of Fair Housing and Equal Opportunity

Thomas P. O'Neill Federal Building

10 Causeway Street--Room 321

Boston, MA 02222-1092

Re: MCAD -- Testing

From:  Kim Cole (kimdave67@yahoo.com)

To:     deborah.a'vant@state.ma.us

Date:  Thursday, May 23, 2019, 07:39 AM EDT


"How much should I be paying in rent & utilities?

In many subsidized and assisted housing programs, your landlord or housing authority cannot charge more than 30% of your adjusted income for rent and utilities. Your landlord (in the case of HUD housing) or housing authority (in the case of public and section 8 housing) must adjust your total income by subtracting a certain amount for each child, elderly person or disabled person in the household. Your landlord or housing authority may also have to subtract childcare expenses, handicapped assistance expenses and medical expenses. Once your landlord or housing authority determines your rent, he/she must subtract a certain amount for utilities if you are responsible for paying the utilities. If your income is very low, you may qualify for help with your utility bills. If you or a family member is disabled and you have a live-in aide residing with you, your live-in aides' income is not counted as household income and cannot be used in calculating your rent. Contact your landlord, housing authority, or the Maryland Legal Aid Bureau about utility assistance.

What if the Housing Authority does not pay their share of my rent and I am a section 8 tenant?

The tenant is not responsible for payment of the portion of the rent to owner covered by the housing assistance payment (HAP) under the HAP contract between the owner and the Housing Authority, as long as the HAP contract has not been terminated.

If the housing authority fails to pay the housing assistance payment to the owner it is not a violation of the lease between the tenant and the owner. During the entire term of the lease the owner may not terminate tenancy for nonpayment of the Housing Authority housing assistance payment.

Remember that it is considered fraud for the landlord to collect any money above the tenant share of the rent as established by the housing authority. If the landlord does collect any other charges or fees from the tenant, these must be approved by the HAP contract."https://www.peoples-law.org/special-issues-subsidized-and-public-housing-tenants


1. No allowance for Julia Coles disability has been applied to my Rental share.

2. Home properties has collected charges from me not approved by the HAP contract.

3. Realtors have contacted SE Housing for reasons other than questions about our CORIs and prior to lease .

4. A (prospective ) landlord in Hanover (cc'd to Gloria Smith in an email) told me "Well the State pays your rent so I am raising it from $1,500 per month to what you said you presently pay :$1,850, seeing as the State pays the rent" . I have also been told of the presence of LEAD on a porch in a potential unit ( I passed for obvious reasons) and a Rental I was told I could move into (Mr Murphy) later rescinded offer due to my comfort and care cat (I forwarded the phone message to you yesterday).

Gloria said it was their right to do so however their claim that seeing as Housing pays and not me was the reason is nothing short of fraudulent.

5. Between the 5 Castle Green #3 Marshfield home I lost in the IFR (Independent Foreclosure review) I rented at Parish Pathe in Marshfield, Ma.

When I was sick and in the hospital (2015) ; Brian Harrington (owner) ILLEGALLY locked me out ; and Marshfield Police did not file anything regarding the Illegal LOCKOUT but did ARREST me (2015)  when SE Housing told me to go to get a copy of Julias report card for the purposes of the SE Housing voucher established . I went to MPD and asked for a copy of the NO Trespass order (filed against me after I LEAD TESTED the new MHS) . They did not have a copy but minutes later when I went to the Superintendent office for the SE Housing request ; the MPS

showed up and arrested me. ALL because I was trying to put a roof over mine and my (disabled) daughters head .

6. I spoke with Angelica Gomez at SE housing who stated the 14 Day Notice to Quit put under my door 18 Feb 2019 was after I had filed a Complaint with HUD as well as the damage done to my 2010 Nissan Sentra on December 13, 2018 . She agreed that it sounded RETALIATORY due to my Complaint. I have concerns that the reasons for faulty 14 day Notice to Quit was a direct result about my 1. concerns about lead paint at the Fox Run playground (they repainted after that) and my HUD Complaint.

To date : NOTHING has been done to fix the damage to my motor vehicle . A Police report was filed and photos sent to Lasolette K. at The Village office . As stated to you over the phone- Please include the photographs with Docket # 19BPR00656.

7.  Section 1B. A person shall have a right against unreasonable, substantial or serious interference with his privacy. The superior court shall have jurisdiction in equity to enforce such right and in connection therewith to award damages.

Arthur Wohl (my abusive ex who worked at the US Dept of Justice) was provided with personal data about Julia Cole and I from Home Properties.

With concerns for our safety and privacy ; it is my hope that this Investigation yields answers , rsolutions and offers of settlement asap.

8. A prospective realtor did a Credit check this month  . The score he got was 640; the score I have in my April credit check were 721 to 747. It was implied to me yesterday that the reason the Landlord may have gone with another applicant was the very discrepancy caused by him reporting the lower # despite my bringing a copy of my online report with the scores stated . This also affects me moving forward with a rental. He called and spoke to Gloria although they discussed matters other than my CORI which I am unsure of why he called her  if he knew we  were not going to lease up in their unit that we applied for .

Im sure you can imagine the difficulties encountered create difficulties leasing up . Despite this I will continue my search and have inquired about the 40 B Program. WHY that infor was not made available to me from the beginning ; I do not know and seeing as my family  were members of the IFR : it would be a good Program for me.

If you wish to discuss these matters or have any questions; please call me at 781 536 4794 .

Best regards,

Kim Cole

On Wednesday, May 22, 2019, 10:32:24 AM EDT, A'vant, Deborah (CAD) <deborah.a'vant@state.ma.us> wrote:

I am in receipt of your submission. Thank you.

*Deborah A'Vant*
*Compliance Officer II*
*Massachusetts Commission Against Discrimination - Boston*
*One Ashburton Place – Room 601*
*Boston, MA 02108*
*Tel. 617-994-6095*
*Fax: 617-994-6024*

*Massachusetts Commission Against Discrimination - New Bedford*
*128 Union Street – Suite 206*
*New Bedford, MA  02740*

*Tel. 774-510-5801*
*Fax: 774-510-5802*
**deborah.a'vant@state.ma.us**

**From:** Kim Cole [mailto:kimdave67@yahoo.com]
**Sent:** Wednesday, May 22, 2019 8:07 AM
**To:** A'vant, Deborah (CAD); Gloria Smith
**Subject:** Re: MCAD -- Testing

Dear Ms. Avant,
The complaint you are investigating    (Docket # 19BPR00656) is merely an ongoing complaint that has just rolled into the present circumstances. PLEASE print and add to Complaint.

My entire life and the lives of my children have been impacted by ongoing discrimination and injustice.


The  following 2011 email to **Mass.gov** officials (AGO) could have prevented **#Flint** if **#EPA** Laws had been Updated and really worked and Mandated reporters handled it appropriately.
The data breach involving MIT and Aaron Swartz is nothing short of a nite mare. Its been ongoing and Im beyond understanding the Non response. But I suppose noone wants to face potential charges like those in #Flint are so their silence is their legacy and to me represents consent... No response either from MAAGO Data Breach Dept either for this Marshfield HS summer chool for Julia Cole DATA breech.
"<kimdave67@yahoo.com>
To Barbara.Green@massmail.state.ma.us
CC cgt@timsonlaw.com kimdave67@yahoo.com KaitRyn, ago@state.ma.us ,Susan, jill. 09/21/11 at 12:35 PM
Areas of Discrimination.
Lead Paint
G.L. c 111 §199A
• Children
Mortgage
G.L. c 151B §4 (3B)
"<kimdave67@yahoo.com>
To Barbara.Green@massmail.state.ma.us
CC cgt@timsonlaw.com kimdave67@yahoo.com KaitRyn, ago@state.ma.us ,Susan, jill. 09/21/11 at 12:35 PM
Areas of Discrimination.
Lead Paint
G.L. c 111 §199A
• Children
Mortgage
G.L. c 151B §4 (3B)

Dear Mass Commission Against Discrimination
Due to the fact that my discrimination complaint is involving multiple layers. I am sending this email correspondence following the advice given me by the Attorney Generals Office. A great deal of my documentation can be provided prior to my walking in via jpeg attachments. There are many many documents and I would like to be advised as to the best way to proceed with this overwhelmingly large complaint. Please respond at your earliest convenience as to whether or not I should send these Jpegs or simply come in to file my complaint as I have been directed by the AGO. Thank you, Kimberly Cole

Please see the following message that I sent to Principal Kuther this morning. Per your request I am sending another request to ask you for the lead documentation for the Marshfield Public Schools. Originally in February 2010 when I requested this documentation you directed me to Tom Miller at the Business Office. The office sent me a copy of the water report which is not what I asked for. I know that you are also aware that the microphone was shut off on me while I was making a similar inquiry at this years town meeting. So therefore we have now established

that clearly I want paperwork that attests to the fact that the building(s) that my children are attending school in are free of deadly contaminants (lead in the pipes- as told to me by the Marshfield Educational Foundation on Easter Sunday Morning, in a on line message). In the event that this paperwork does not exist I wish to take action immediately to remedy this situation. As we also discussed, I'm interested in safety measures and/or a presentation that will explain to the students the dangers of lead. Following Mr. LeClair and Ms. Diamonds phone calls to me after I reported my concerns about leaded weights being used in a hands on experiment in class to show displacement of water; I am very worried that much more education and information is needed to keep the students, staff, their families and even you Mr. Borstel , aware of the inherent dangers in the environment, chem lab, and unfortunately , the tainted contents that flow through leaded pipes. ( Vote Yes for MHS! ) Please tell me on whose authority the leaded weights are allowed into the school. Ms. Diamond stated that there were other containers filled with lead in the Science Departments Classes. Are these clearly labeled? Are there signs on the walls warning students about the deadly hazards associated with this chemical? Upon your written response to this email I will contact the AGO in regards on how to best proceed with GETTING THE LEAD OUT. Graciously Kimberly Cole

Hello Principal Kuther- Great to read about updates at MHS! Now if you'd be so kind as to answer my inquiry ( perhaps in tandem with S Borstel whom I am writing to next). I have attempted to reach you by email via the MHS website and I was unable to find your email address. Please see the attached documents 1. letter to you dated October 20th 2010 and 2. page 2 of my June 10th complaint to the AGO in which the Marshfield Public Schools were mentioned. 3. a copy of my Notice Of Complaint dated March 8th 2010. As you are well aware I am trying diligently to obtain lead paint documentation on the Marshfield Public Schools. In the future, I will be working with the assistance of my attorney and the AGO to attempt to eliminate lead from our public schools; as well as reduce the PEL (permissible elevated lead level ) in a child's blood. I discussed this on the phone over the last week with Scott Borstel. It is my hope that you and the administration will finally respond to the inquires that I have made via email, letter and over the telephone. Thank you for you attention with this matter. Sincerely Kimberly Cole

Reply Reply to All Forward More
Kim Cole <kimdave67@yahoo.com>
To CGT
CC oceantooil@aol.com 02/10/12 at 10:48 PM
There is more info. If you have any questions, please call . Id like to discuss this matter further. Thanks


----- Forwarded Message -----
From: "Green, Barbara (CAD)" <barbara.green@state.ma.us>
To: Kim Cole <kimdave67@yahoo.com>
Sent: Thursday, September 22, 2011 5:02 PM

**Fw: Part 36 Nondiscrimination on the Basis of Disability in Public Accommodations (current as of January 17, 2017)**

From:  Kim Cole (kimdave67@yahoo.com)

To:   deborah.avant@state.ma.us

Cc:   lucy.allen@hud.gov

Bcc:  katherine.nazzaro@gmail.com

Date:  Friday, May 24, 2019, 06:47 PM EDT


Hello Ms Avant,
Can you tell me please if all of the emails that have gone back and forth between me and (several) SE Housing reps will be included in Docket #19BPR00656. There are many and they have a variety of issues mentioned in them for sometime and after the Complaint was filed with MCAD

It would also be prudent  at this time for me to mention that in 2003/ 2004 and subsequent years I have made (Mandated reporter) calls to MCAD regarding Margaret Jane Watson , a DMR/ DMH Special needs client I worked with at NEV ; exposed to the 15,500 + mc/dl  with many many other people .
 This exposure to lead is the basis for  Legal Claims I have filed and I feel unfairly prejudices me in my present HUD/ MCAD Complaints  .
Margaret  Watson from NEV died (the same day as my Grandmother) both  after being exposed to that deadly neurotoxin at 18 Winthrop Street and as a Mandated reporter I of course informed MCAD from New England Villages in Pembroke where I was employed PT Case Manager and 1 to 1 advocate .

Nothing was done re my MCAD Calls regarding Margaret  and documents regarding this matter went missing from Communication logs at NEV. Our (former)  Atty Timson had files in our lawsuit data regarding my reporting this .

My Grandmother was seen at SS Hospital (who nearly killed me in 05) and cared for my Nana after we were both being exposed in the Abington rental of K Fredericks . This  while my grandmother  had leukemia. SS Hospital was abundantly aware of the exposure and they too "lost"  records and were cited and sued.
Many places with mandated reporters ,  lawyers , legal might , funding and authority vs an indigent single Pro Se litigator is a perfect way for negligence and injustice  to flourish and subsequently wreak havoc for me . Justice for some is not the American way. It is for All and it has sadly  eluded me and mine for far too long,

How so many with this knowledge, authority and power allowed for this acute neurotoxic  exposure of state citizens, clients and elders and my own children and family , and friends  to go unaddressed for the others all these years is part and parcel of my ongoing  concerns  for DISCRIMINATION on a grand scale .

 Unfortunate a  Mass AGO or DA didnt file a class action which would have been appropriate in light of the potential deadly consequences of Pb exposure .

There are agencies aplenty that I could add to this Complaint and my Pro Se Cole V Commonwealth case as I  feel that all Complaints from the past are as prudent to this Investigation because noone acted with the integrity , and in accordance with Mass. Lead Laws  in the manner they should have . I feel as my extremely impt . concerns were mishandled by negligent state mandated reporters and years of discriminatory practices ensued with pain and suffering that could have been avoided for many had MCAD , Mass Courts/ Mass .  AGO/ EPA/BOH/ DMR/DMH/ BOE / DOJ
, had been more  thorough of my concerns way back then.   Additionally, Mass rehab ( note where the lead poisoning Landlord (K Fredericks daughter worked and so  I stopped working with them  and attending Quincy College paralegal program  due to PRIVACY concerns with MRC ).

However litigation is timely and costly and I am a single parent with limited resources and no lawyer at present so I do the minimal due to cost that  I can accomplish but feel there are many who would be content to not be associated with negligence that resulted in the poisoning of my family and potential exacerbated illness or directly caused deaths of my exposed loved ones.

I feel this and other Legal Conflict of Interests has impacted ALL facets of mine and my children's lives and litigation but as the statute is 21 years for Lead Poisoning cases and I hope to potentially include the aforementioned facts and corresponding data in my ongoing legal cases , I have much more work to be done & Pro Se litigation is obviously not as complete as that with representation. .

We still have years of litigation to go and all of this is what I construe to be covering up misdeeds , collusive and obstructive management by Mass. agencies and reported to your agency for years before this present Complaint you are investigating. .

Thank you for your consideration .

Please call me with any questions . If it would be helpful to meet with you prior to the conclusion and I can supplement documents or provide any you seek to add inclusive of the photographs I referenced in my last email ; please let me know .

Happy Memorial Day Ms Avant.
Best regards ,
Kim Cole

----- Forwarded Message -----
**From:** Kim Cole <kimdave67@yahoo.com>
**To:** wmullen@gbreb.com <wmullen@gbreb.com>
**Cc:** Kim Cole <kimdave67@yahoo.com>; Julia Cole <juliacole143@gmail.com>
**Sent:** Tuesday, October 23, 2018, 11:48:18 AM EDT
**Subject:** Fw: Part 36 Nondiscrimination on the Basis of Disability in Public Accommodations (current as of January 17, 2017)

Dear William G Mullen, III

Thank you for your informative link . I left you a voice mail as I do have some questions raised in this article :such as : Am I ntitled to my money back (3 years charged $25 per month ) for a Comfort & care animal (cat) for Disabled tenants (lead poisoned by the Master State Inspector of MASS. CLPPP in an Abington , Ma. rental in 2003).
Can a Landlord Charge Tenants a "Pet Fee"?
The emails in this Original Message have the entirety of my concerns mapped out.
Best regards,
Kim Cole

**Can a Landlord Charge Tenants a "Pet Fee"?**

----- Forwarded Message -----
**From:** Kim Cole <kimdave67@yahoo.com>
**To:** complaintsoffice01@hud.gov <complaintsoffice01@hud.gov>; Kim Cole <kimdave67@yahoo.com>; jloud@housingsolutionssema.org <jloud@housingsolutionssema.org>; Julia Cole <juliacole143@gmail.com>; Dionne Spearin <dspearin@housingsolutionssema.org>
**Sent:** Tuesday, October 23, 2018, 11:40:18 AM EDT
**Subject:** Re: Part 36 Nondiscrimination on the Basis of Disability in Public Accommodations (current as of January 17, 2017)

Hi Jen, It seems there is some confusion re : this matter. " Additional fees, such as pet fees or deposits and smoker's fees are not allowable even if a tenant agrees to the charge. If a landlord allows pets and the pets cause damage to the unit beyond reasonable wear and tear, the landlord may use the security deposit to make repairs so long as the landlord has complied with all applicable security deposit laws. It should be noted that it is not unlawful for a landlord to refuse to rent to a prospective tenant that has a pet unless that pet is a service or assistance animal needed for a disability in life.

Even if a landlord has a "no pets" policy, they must make reasonable accommodation for a tenant with a disability in life who has the need for a service or assistance animal.  A landlord may require a tenant with a service or assistance animal to comply with certain rules, such as keeping an animal on a leash and cleaning up after it; however, a landlord cannot require that tenant to pay any additional fees associated with having the service or assistance animal in the leased premises.   Massachusetts fair housing laws may protect persons with a disability in life that use "emotional support" animals which are not trained as service or assistance animals. Additionally, trainers or owners of "service dogs in training" that will be placed into a new home for someone with a disability in life are afforded the same protections under Massachusetts law as is an owner of a service or assistance animal with a disability in life.  This is an evolving area of the law and consultation with a knowledgeable professional adviser or discussion with the Massachusetts Commission Against Discrimination is suggested before denying rental housing to anyone with an animal that they claim to be used for a disability in life or for medical or emotional reasons. "   Can a Landlord Charge Tenants a "Pet Fee"?

I have done as you advised & forwarded this concern to Home properties . Thank you for responding .
Kim Cole


**Can a Landlord Charge Tenants a "Pet Fee"?**



On Tuesday, October 23, 2018, 10:25:39 AM EDT, Kim Cole <kimdave67@yahoo.com> wrote:


This email is regarding a concern / Complaint re: Housing / Disability Rights under ADA for Service animal . My Concerns .are in the "Original Message" portion of these forwarded emails.
 For your Review.
Thank you & have a nice day.
Kim Cole
8 Fox Run #8
Marshfield, Ma.
02050

----- Forwarded Message -----
**From:** Kim Cole <kimdave67@yahoo.com>
**To:** harrieeg@homeproperties.com <harrieeg@homeproperties.com>; Kim Cole <kimdave67@yahoo.com>; Julia Cole <juliacole143@gmail.com>; hud-pihrc@ardntinc.com <hud-pihrc@ardntinc.com>
**Sent:** Tuesday, October 23, 2018, 10:10:55 AM EDT
**Subject:** Fw: Part 36 Nondiscrimination on the Basis of Disability in Public Accommodations (current as of January 17, 2017)

Dear Home Properties,
 For your review.
Thank you ,
Kim Cole
8 Fox Run #8
Marshfield, MA.
02050


----- Forwarded Message -----
**From:** Kim Cole <kimdave67@yahoo.com>
**To:** carln-k@housingsolutionssema.org <carln-k@housingsolutionssema.org>
**Sent:** Tuesday, October 23, 2018, 9:48:23 AM EDT
**Subject:** Fw: Part 36 Nondiscrimination on the Basis of Disability in Public Accommodations (current as of January 17, 2017)

Dear Carl Nagy-Koechlin,

Executive Director, Please Review this (forwarded) email as I was unable to speak directly to anyone yet at The Housing Solutions Kingston office. I emailed this and left a message for my previous (Victor Soda; now Abington Rep.) and Jen Loud , My present worker. Thank you and have a nice day .
Best Regards,
Kim Cole


----- Forwarded Message -----
**From:** Kim Cole <kimdave67@yahoo.com>
**To:** jloud@housingsolutionssema.org <jloud@housingsolutionssema.org>; Kim Cole <kimdave67@yahoo.com>; vsoto@housingsolutionssema.org <vsoto@housingsolutionssema.org>; Julia Cole <juliacole143@gmail.com>
**Sent:** Tuesday, October 23, 2018, 9:40:43 AM EDT
**Subject:** Part 36 Nondiscrimination on the Basis of Disability in Public Accommodations (current as of January 17, 2017)

According to the ADA ; my Comfort & Care Cat / Service animal cannot be charged a Fee and I have paid \$25 each month for years ; since the inception of my Lease here. For your Review . Please respond at your earliest convenience.
Best Regards,
Kim Cole
https://www.ada.gov/regs2010/titleIII_2010/titleIII_2010_regulations.htm

*Prohibition against surcharges for use of a service animal.* In the NPRM, the Department proposed to incorporate the previously mentioned policy guidance, which prohibits the assessment of a surcharge for the use of a service animal, into proposed § 36.302(c)(8). Several commenters agreed that this provision makes clear the obligation of a place of public accommodation to admit an individual with a service animal without surcharges, and that any additional costs imposed should be factored into the overall cost of doing business and passed on as a charge to all participants, rather than an individualized surcharge to the service animal user. Commenters also noted that service animal users cannot be required to comply with other requirements that are not generally applicable to other persons. If a public accommodation normally charges individuals for the damage they cause, an individual with a disability may be charged for damage caused by his or her service animals. The Department has retained this language, with minor modifications, in the final rule at § 36.302(c)(8).

*Training requirement.* Certain commenters recommended the adoption of formal training requirements for service animals. The Department has rejected this approach and will not impose any type of formal training requirements or certification process, but will continue to require that service animals be individually trained to do work or perform tasks for the benefit of an individual with a disability. While some groups have urged the Department to modify this position, the Department has determined that such a modification would not serve the full array of individuals with disabilities who use service animals, since individuals with disabilities may be capable of training, and some have trained, their service animal to perform tasks or do work to accommodate their disability. A training and certification requirement would increase the expense of acquiring a service animal and might limit access to service animals for individuals with limited financial resources.

Some commenters proposed specific behavior or training standards for service animals, arguing that without such standards, the public has no way to differentiate between untrained pets and service animals. Many of

the suggested behavior or training standards were lengthy and detailed. The Department believes that this rule addresses service animal behavior sufficiently by including provisions that address the obligations of the service animal user and the circumstances under which a service animal may be excluded, such as the requirements that an animal be housebroken and under the control of its handler.

. https://www.ada.gov/regs2010/titleIII_2010/titleIII_2010_regulations.htm

Fw: Case worker(s) LETTER and RFTA FILE for Neighbor Works housing Solutions

From:  Kim Cole (kimdave67@yahoo.com)

To:    smickelson@nlihc.org; deborah.a'vant@state.ma.us; agomez@housingsolutionssema.org;
       dspearin@housingsolutionssema.org; lucy.allen@hud.gov; patrick.oconnor@masenate.gov;
       mcgovmnt@juno.com

Date:  Tuesday, July 9, 2019, 08:06 AM EDT


 To NLIHC,

According to the **Disaster Housing Recovery Coalition** "more than 800 national, state, and local
organizations, including many working directly with disaster-impacted communities and with first-
hand experience recovering after disasters. We work to ensure that federal disaster recovery
efforts reach all impacted households, including the lowest income seniors, people with
disabilities, families with children, veterans, people experiencing homelessness, and other at-risk
populations who are often the hardest-hit by disasters and have the fewest resources to recover
afterwards."
My family was Lead poisoned in 2003 by the Massachusetts Childhood Lead Poisoning
Prevention program. Then when desperately  trying to survive , recover , and deal with loss; we
became Independent Foreclosure review victims and  our home a illegally seized that led to me
utilizing the HUD Voucher I presently have.  More specifically,
as"  improving and maintaining behavioral and physical health" is a HFTA Plan goal; I assure that has not been our
experience , hence the HUD/ MCAD Investigation. Docket # 19BPR00651.
However, the continuing violations make me concerned so I am writing to see if there are special
Mortgages available for disabled victims of disaster  and Domestic Violence who have also
(illegally ) lost their home no fault of their own. ( Federal Reserve Board - Independent
Foreclosure Review )


   **Federal Reserve Board - Independent Foreclosure
   Review**

   The Federal Reserve Board of Governors in Washington DC.



Ms. Deborah Avant is handling  the ongoing MCAD Complaint (initially filed with HUD in 2018).
My Case workers at NWHS (Neighbor Works Housing Solutions) have changed numerous times
and at present Dionne Spearin is cc'd in emails.
Thank you ,
Kim Cole
 8 Fox Run #8
Marshfield, Ma.
 02050
(New address as of 7/15/19 is : 125 Royal Dane Lane #17 Abington, Ma. 02351. )


  ----- Forwarded Message -----
  **From:** Kim Cole <kimdave67@yahoo.com>

**To:** deborah.a'vant@state.ma.us <deborah.a'vant@state.ma.us>; Michelle Santos
<msantos@housingsolutionssema.org>
**Cc:** Gloria smith <Gsmith@housingsolutionssema.org>; patrick.oconnor@masenate.gov
<patrick.oconnor@masenate.gov>; mcgovmnt@juno.com <mcgovmnt@juno.com>; Angelica Gomez
<agomez@housingsolutionssema.org>; Dionne Spearin <dspearin@housingsolutionssema.org>
**Sent:** Monday, July 8, 2019, 11:27:41 PM EDT
**Subject:** Re: Case worker(s) LETTER and RFTA FILE for Neighbor Works housing Solutions

Please note my long lasting concerns that were discussed by me with NWHS back in 2015 at beginning of my HUD
Voucher inception.
Mr Wohl violated our Privacy and it is spelled out in Plymouth Court documents  ( see hardship  Michelle Santos
checked off "Domestic Violence" and I asked her to write in PRIVACY as well )  and there are Police reports and
Attorney Timson records that support concerns for myself and Julias safety in the past .
Hence, my ongoing concerns that documentation I signed to protect us from further Privacy violations was not taken
seriously  and allowed for years more  of Civil & Human Rights violations.

As these matters also cause Julia a great deal of anxiety; it concerns me that she would be vulnerable to
aforementioned concerns that she doesnt even fully comprehend. As a victim of Plumbism  (Lead poisoning) ;
these matters are such that my daughter has difficulties ensuring her own Rights (She was TWO years of age when
Pb poisoned by Mass. CLPPP in a Rental I shared with Mr Wohl in 2003.  ) and I ask that MCAD and RFTA take
note of that .

Mind you, Mr. Wohl  then went after our Poisoning and worked for the US Dept of Justice. I find this fact increasingly
dismaying when I consider the circumstances (years ago to recent Privacy issues) in full rather than part and parcel.
His 1999 letter to our former Landlord (Mr John Mara) he (Mr Wohl) was asking what about parameters and "death of
tenant".. within 3 years we were being lead poisoned and he was leaving us in said poison and going to work for the
DOJ. Odd at best OR a huge LEGAL Conflict.
What is the sense of a VAWA if noone does anything when violence occurs against women and Judges allow for ex
pouces to owe over ten thousand in Child Support arrears . It is not an empowering set of circumstances I can
assure you.
Also attached see photo of Julia Cole standing on deck at 8 Fox Run. The Inspector failed the Unit and noted paint
falling from deck . Also directly above that is the deck that Fox Run Employer dropped trash and construction
debris  from onto my 2010 Nissan Sentra and causing damage in December 2018. I filed Claim with GEICO, called
MPD , and Fox Run management. I also sent photos (from K. Fanos cell phone)  of damage as well (see prior
emails)
I have concerns that the Feb 2019 14 Notice To Quit was in a Retaliatory capacity for my Complaint to HUD
regarding these matters as well as Comfort and Car cat charges for  disabled tenant. I can appreciate this is alot of
information and I thank you for reviewing it.

Please call me with any questions  and add these emails to RFTA and MCAD Files.
Thank you ,
Kim Cole

On Monday, July 8, 2019, 07:48:37 PM EDT, kimdave67@yahoo.com <kimdave67@yahoo.com> wrote:


Hello Deborah, Please call me at your earliest convenience as i wish for a COPY COMPLETE OF MY RFTA FILE
added to my Docket with MCAD as ongoing concerns are contained with in said file . Also note the attached letter i
submitted to NWHS todays date. Also note mine and Julia's new address as of 7/15/19 is : 125 Royal Dane Lane
Apt. #17 Abington, Ma.. 02351. Thank you . Kim Cole

*Sent from my MetroPCS 4G LTE Android device*


 66322283_407567866774287_1693371842351333376_n.jpg
227.4kB

 kim v mike court nov 23 2018.rtf
4.3kB

(No Subject)

From: Kim Cole (kimdave67@yahoo.com)

To: deborah.a'vant@state.ma.us

Cc: agomez@housingsolutionssema.org; vsoto@housingsolutionssema.org; msantos@nhsmass.org;
patrick.oconnor@masenate.gov; mcgovmnt@juno.com; mcad@state.ma.us; lucy.allen@hud.gov;
juliacole143@gmail.com; xxkmf826xx@yahoo.com; gsmith@housingsolutionssema.org; reply-fef5127571670c-
758_html-27120245-7283818-2@email.prospergroupcorp.com; lee.gonzalez@hud.gov; cprecycle@yahoo.com;
dspearin@nhsmass.org; sarah@nshhcoalition.org; donald.humason@masenate.gov;
jloud@housingsolutionssema.org; harleyd190@comcast.net

Bcc: scolereardon@gmail.com; mcsqrd21@aim.com; kimdave67@yahoo.com

Date: Thursday, November 14, 2019, 01:56 PM EST


Hello Ms Avant,
It has now been over a year since I first contacted HUD (I have cc'd HUD's Lucy Allen and others  to let her/ them
know nothing has been completed in so far as her Relinquishing this matter to MCAD)  regarding  Fox Run Marshfield ,
Ma (The Village at Marshfield) Investigation to MCAD .
Listed as:  HUD Inquiry 576656 Cole v. Home Properties/ Housing Solutions.
 I do recall you recently  saying they have not yet responded to the Complaint and were quite busy when I was finally
get through to you (not a voice mail again) over the phone .
I can only imagine that  with the recent rape and human trafficking  issue  (see Nov 2019 link below )  in our old
neighborhood has created increasing Legal concerns yet it does not dismiss past indiscretions; pervert janitors , bed
bugs construction debris and trash in hallways , car damage to my old vehicles bumper and paint   from the Fox Run
Employees  throwing trash over 3rd floor railings, Erroneous cat fines for a disabled household, etc and  and illegal
Privacy Violations  ALL a part of mine and Julia's tenancy at The Village (aka Fox Run ).
I also await the RFTA File M. Santos said she would send t me in July 2019 the same  month and year she was
disparaging me in emails to Caseys Movers (see July 2019 emails between she, NWHS, RFTA and Caseys Movers ,
and myself regarding that atrocious matter) . The emails were forwarded to you and I anticipate them being part and
parcel of Legal review from MCAD.

Please contact me at your very earliest convenience with an Update  at 781 990 9617 or write to me at address below .
Thank you in advance or responding ASAP.
Happy Thanksgiving to you and yours
Kim  Cole
125 Royal Dane Lane #17
Abington, Ma
02351

# **Marshfield: Man Arrested on Rape and Human Trafficking Charges**

Marshfield: Man Arrested on Rape and Human Trafficking Charges

**Marshfield: Man Arrested on Rape and Human Trafficking Charges**

Marshfield Police have arrested a man on Rape and Human Trafficking charges. 36-year-old Nelson [...]

On Friday, October 25, 2019, 01:39:02 PM EDT, Kim Cole <kimdave67@yahoo.com> wrote:

Hello Ms Avant,

I hope this email finds you well and I also am hopeful that our well over Year long Investigation is yielding some results.

Thank you for sending any correspondence updating me regarding Respondents answers to the MCAD queries on our case at your earliest convenience. I am cc'ing to NWHS as I have yet to receive my RFTA file and I was assured when I requested it from Michelle Santos in July of this year that it would be mailed to me. It still has not. It stymies me that I have endlessly advocated for mine and my families Human, Medical, Civil and Student Rights while Mandated reporters and Public Servant remain silent.

I view that as apathetic complacency and it has no place in any of our lives.

Have a nice weekend &

Happy national Lead Poisoning Prevention week.

Graciously,

Kim Cole

125 Royal Dane Lane #17

Abington, Mass.

02351

781 990 9617

----- Forwarded Message -----

**From:** Kim Cole <kimdave67@yahoo.com>

**To:** Michelle Santos <msantos@housingsolutionssema.org>; A'vant, Deborah (CAD) <deborah.a'vant@state.ma.us>; Dionne Spearin <dspearin@nhsmass.org>; Victor Soto <vsoto@housingsolutionssema.org>

**Sent:** Friday, September 27, 2019, 01:38:34 PM EDT

**Subject:**

Dear Deborah,

After the ridiculous July 2019 email from Michelle Santos in the RAFT Program to Matt at Caseys Movers telling him "On the downlow " and in a NOT CC'd to anyone (despite full transparency email mote in all others) That I was in Litigation causing him to cancel my Moving truck and seemingly acting in a sabotaging manner ; I still await the MCAD Response to Complaint from nearly ONE YEAR AGO.

I also await the RAFT file COMPLETE that M. Santos said she would prepare and mail to me. She said that in July 2019 and I need it for future use.

I am very dismayed that a Mandated Reporter would act in such a maligning way and need all responses files to properly address my concerns.

Also, NOONE at Neighbor works (formerly Housing Solutions) revealed to me that my former Residence at Fox Run was found to have BEDBUGS . I thought there was a Rule that nasty potential health and wellness issues needed to be public ally posted.

Just thought I would mention it while addressing long standing concerns from that address.

Have a nice day .

& Thank you for your prompt response(s).

Kim Cole

125 Royal Dane Lane #17
Abington, Ma.
02050


On Friday, July 5, 2019, 07:41:58 AM EDT, Kim Cole <kimdave67@yahoo.com> wrote:


Hi Michelle, The MCAD File COMPLETE (including the photos of the damage done to my Car on 13 December 2018 by the Home Properties  employer throwing debris off the porch is yet another HARDSHIP matter. As I told Deborah. Avant at MCAD
: -> All this and more has presented difficulties getting the full measure of my concerns addressed. No Offer of Settlement has been made .  You'll recall you asked me previously if that was the case; I presume your Investigation will yield more. Please contact me with any questions. Thank you.
Docket #19BPR00656


Kim Cole


----- Forwarded Message -----
**From:** kimdave67@yahoo.com <kimdave67@yahoo.com>
**To:** "deborah.a'vant@state.ma.us" <deborah.a'vant@state.ma.us>
**Sent:** Tuesday, June 11, 2019, 05:52:10 PM EDT
**Subject:**

Hi Deborah. These are the images i took at Fox Run . This construction debris was also photographed by a DDS mandated reporter visiting the building. They are images of photos that i have in another phone (that i would print but have no means or resourses to) but can show you or Housing Solutions. I am searching for rentals due to the Privacy Violations but find the costs associated with that to be yet another difficulty . i did not ask for my Rights to be violated. Nor did i expect a damaged car and mess of construction debris at my front door to follow an erroneous 14 Day Notice To Quit. All this and more has presented difficulties getting the full measure of my concerns addressed. No Offer of Settlement has been made .  You'll recall you asked me previously if that was the case; I presume your Investigation will yeild more. Please contact me with any questions. Thank you.
Kim Cole Docket #19BPR00656
*Sent from my MetroPCS 4G LTE Android device*


 20190611_165411.jpg
2.5MB

 20190611_165612.jpg
2.7MB

 20190611_165455.jpg
2.9MB

 20190611_165607.jpg
3.6MB

 20190611_165536.jpg
2.4MB

## Fw: COMPLAINT LETTER -Fw: DTA has exceeded time frame for response- needs additional documentation.

From:  Kim Cole (kimdave67@yahoo.com)

To:  joan.beron@mass.gov

Date:  Tuesday, June 9, 2020, 03:52 PM EDT


I also allege abuse against NWHS in tandem with  the Marshfield PD for my faulty arrest after homelessness led me to MWHS. These concerns have been longstanding LONG BEFORE October 2018 when I filed concerns with Lucy Allen. I thought the historical context would assist you in better understanding . It involves my ex , Arthur Wohl and ox Runs Privacy Violation to him (a former US Dept of Justice employee and Julia Cole's father)   Hanover PD, The Social Security office of Hanover, Mass. The DOR, DCF, EPA, AGO, Superior and Child Support Courts of Mass. and NUMEROUS OTHERS. NWHS was aware from the inception of my voucher that I  had domestic violence issues with him reported to Hanover PD years ago.
https://nlihc.org/sites/default/files/AG-2020/6-02_Housing-Needs-of-Victims.pdf.
Thanks for your attention with these emails. There are many more if you need more information.
Kim Cole
781-990-9617


----- Forwarded Message -----
**From:** Kim Cole <kimdave67@yahoo.com>
**To:** Kim Cole <kimdave67@yahoo.com>
**Sent:** Friday, September 22, 2017, 10:27:41 PM EDT
**Subject:** Fw: COMPLAINT LETTER -Fw: DTA has exceeded time frame for response- needs additional documentation.


On Monday, March 5, 2012 4:27 PM, Kim Cole <kimdave67@yahoo.com> wrote:


Hi Ruth Ann, This is the draft of THIRD letter written by my PCP. I plan on getting a copy in the AM and driving it from Dr Lords office to Plymouth DTA. That should cover the request made by your supervisor. Thank you, Kim Cole
----- Forwarded Message -----
**From:** "Bowden, Cathleen" <CBowden@signature-healthcare.org>
**To:** Kim Cole <kimdave67@yahoo.com>
**Sent:** Monday, March 5, 2012 3:02 PM
**Subject:** RE: COMPLAINT LETTER -Fw: DTA has exceeded time frame for response- needs additional documentation.

Kim here is a draft of letter.
Cathleen


**From:** Kim Cole [mailto:kimdave67@yahoo.com]
**Sent:** Monday, March 05, 2012 2:00 PM
**To:** Bowden, Cathleen
**Cc:** CGT; Kim Cole

Re: [External] Intake Complaint about Abuse/ Neglect by MPSD against Julia Cole dated 4 October , 2017 with DPPC forwarded to DCF

From:  Yahoo (kimdave67@yahoo.com)

To:  eric.bove@state.ma.us

Date:  Thursday, September 24, 2020, 11:27 PM EDT


She is returning to WSU in the morning . My phone is presently not working  so please send a Request / MCAD Form with a Cover letter ( perhaps include any Questions she could answer for you ) and she and  I will and get it back to you . Our address is 125 Royal Dane Lane #17 Abington, Ma.
02351 .
Thank you ,
Kim Cole


On Thursday, September 24, 2020, 05:24:53 PM EDT, Bove, Eric (CAD) <eric.bove@state.ma.us> wrote:


So, is she able to speak to me?


**From:** Yahoo <kimdave67@yahoo.com>
**Sent:** Thursday, September 24, 2020 7:30 AM
**To:** Bove, Eric (CAD) <eric.bove@mass.gov>
**Subject:** Re: [External] Intake Complaint about Abuse/ Neglect by MPSD against Julia Cole dated 4 October , 2017 with DPPC forwarded to DCF


CAUTION: This email originated from a sender outside of the Commonwealth of Massachusetts mail system.  Do not click on links or open attachments unless you recognize the sender and know the content is safe.


Hi Mr Bove, My # is 781 990 9617 .

Julia leaves for Westfield State tomorrow so hopefully today or early tomorrow will work. Thank you for responding.

Kim Cole


On Wednesday, September 23, 2020, 04:31:09 PM EDT, Bove, Eric (CAD) <eric.bove@state.ma.us> wrote:


Hi Ms. Cole:

I am sorry if you were waiting to hear from us on this one. Please give me your daughter's phone number and a time to call and we will set up an intake.

---

**From:** Yahoo <kimdave67@yahoo.com>
**Sent:** Wednesday, September 23, 2020 12:26 PM
**To:** Beron, Joan (CAD)
**Subject:** Fw: [External] Intake Complaint about Abuse/ Neglect by MPSD against Julia Cole dated 4 October , 2017 with DPPC forwarded to DCF

CAUTION: This email originated from a sender outside of the Commonwealth of Massachusetts mail system.  Do not click on links or open attachments unless you recognize the sender and know the content is safe.

Hello Ms Beron,

I was told by a MCAD Staff via a phone call that someone would be in touch with my daughter Julia E. Cole to discuss Complaint/ Investigation. She leaves for WSU this week so if you could call she and I , we are available . I spoke to weric Bove who stated you were still available but were leaving the Dept soon and he may or may not be assuming this Investigation.

Clarifying and updating with  what is transpiring  is appreciated.

Best,

Kim and Julia Cole

125 Royal Dane Lane #17

Abington, Ma. 02351

781 990 9617


----- Forwarded Message -----

**From:** Kim Cole <kimdave67@yahoo.com>

**To:** Kim Cole <kimdave67@yahoo.com>

**Sent:** Sunday, June 10, 2018, 08:03:51 PM EDT

**Subject:** Fw: Re: Fw: RE: [External] Intake Complaint about Abuse/ Neglect by MPSD against Julia Cole dated 4 October , 2017 with DPPC forwarded to DCF


print for 12th iep


On Sunday, June 10, 2018 7:50 PM, Kim Cole <kimdave67@yahoo.com> wrote:

Hello, Would someone please be so kind as to Print the following time the  of Attendees for the IEP Meeting on 12 June , 2018 for Julia ? Or if each person cc'd could bring a Copy I will have one also. I'd like to ensure we are all informed and on the same page. If this could be forwarded to the new SPED Director as well, that would also be appreciated.

Thank you for your anticipated cooperation with this request.

Sincerely,

Kim Cole

PS , Id surely be interested in   knowing who compiled the Cover pages to The End Of Sappy Bedtime Stories with my Daughter from a few years ago. I have the Cover I reference as  I recently located it in a shelf. I had  missed  it previously . Clearly  typed laminated finished product replete with NY Times and Marshfield Mariner " Reviews"/ quotes , and talk of Julias Moms "mental Illness (?) with NARY A WORD ABOUT HER HAVING BEEN LEAD POISONED . Seem almost a brain washing , White washing of facts with  glaring omissions and erroneous facts. Heres what Julia was saying  about her experiences w Lead in the time frame as "End  Sappy Bedtime Stories"shortly before that  in video below .  Seems our versions of facts vary as I suspect immunity and avoidance of legal matters regarding negligence and obstruction of Justice allegations Ive made about MPSD employees could be a factor in its misleading contents written and added  by Adults , Not Julia.   . I find this data is  of far greater import to Civil Rights and the Complaint I filed that MPSD has not responded to  with specific matters listed being addressed in the IEP Process.



Julia Elzbeth Cole ~ 13 yr. old Lead Poisoning Awareness Advocate

**Julia Elzbeth Cole ~ 13 yr. old Lead Poisoning Awareness Advocate**

In 2003 Kim Cole and family were poisoned by 15,000+ micrograms of LEAD dust when the Master state inspector of ...

On Wednesday, March 21, 2018 1:28 PM, Kim Cole <kimdave67@yahoo.com> wrote:

Good afternoon Freida,

As I am not certain who the new Director will be ; I am forwarding this to you for the (new) Director's review.

Ms Brandt gave me your email address and asked me to forward this email to you --->

Hi Ms Demaris, I have  concerns that Julias IEP is out of Compliance and would like you to print this lengthy email and have it part and parcel of IEP Team meeting Notes. As of this morning Julia states she feels she is being singled out and treated in a discriminatory fashion; and while you may have made an error with principle Keuther about todays 7:30 AM meeting not being PM, it was the cause of her tardiness & shouldn't have had  to cause julia the anxiety it did this morning. As you know from prior

calls and emails  we had done everything in our power to attend and secure appropriate authorization for this prom meeting.  The IEP Team and Julia and I all know one of the IEP  goals has been to Reduce anxiety/ anxious circumstances NOT allow for MHS to create them.  Ms Brandt heard Julia's  tears and her vocalize her concerns while we were on the phone today . Due to this

I would like a review of the IEP with team, particularly in light of the Mass.gov Changes to the Lead Regulation for Pediatric Healthcare Providers, which you corresponded that you forwarded to Julias teachers. I heard from a school Nurse but want all correspondences documented at a team meeting. Please let me know when one would be possible as Im not certain who the new SPED Director is or their availability. I have cc'd Dr Dupuis in some emails as of late  and wish to ensure those make it to the new Director as they are regarding these matters of import.  I find these errors  (both by MHS ; you and Mr Kuether) to drain Julia , and that saddens me .  Its even happened when the Plymouth Courts wrote her with errors about the "No Contact; Stay away " Order being just No contact. The errors need to be noted and hopefully improved upon for Julias benefit now and in the future.


Thank you

Kim Cole  "

Changes to the Lead Regulation for Pediatric Healthcare Providers


**Changes to the Lead Regulation for Pediatric Healthcare Providers**


----- Forwarded Message -----

**From:** Katelyn Damaris <kdamaris@mpsd.org>

**To:** Kim Cole <kimdave67@yahoo.com>

**Sent:** Wednesday, March 21, 2018, 7:15:13 AM EDT

**Subject:** Re: Fw: RE: [External] Intake Complaint about Abuse/ Neglect by MPSD against Julia Cole dated 4 October , 2017 with DPPC forwarded to DCF


Hi Ms. Cole,


I apologize about the error in the prom meeting times. I was out of school on Monday because I had to attend a funeral, but knew that Principal Keuther was supposed to be getting back to me about which meeting you were attending so I had been checking emails Monday and read what he sent incorrectly. I will talk to the SPED department about scheduling an IEP meeting for Julia, since I don't set those up directly, and someone in their department will give you a call to figure out what date/time work best. Again I'm incredibly sorry about the mix-up yesterday, I had no intentions of upsetting Julia.

*Katelyn Damaris*

Guidance Counselor

Marshfield High School

781-834-5050 ext. 45826

kdamaris@mpsd.org


On Tue, Mar 20, 2018 at 11:06 AM, Kim Cole <kimdave67@yahoo.com> wrote:


----- Forwarded Message -----

**From:** Kim Cole <kimdave67@yahoo.com>

**To:** paula.hannon@state.ma.us <paula.hannon@state.ma.us>

**Sent:** Tuesday, March 20, 2018, 9:27:55 AM EDT

**Subject:** Fw: RE: [External] Intake Complaint about Abuse/ Neglect by MPSD against Julia Cole dated 4 October , 2017 with DPPC forwarded to DCF


Thank you again for taking my call and  adding to Docket # 18-024.

Have a nice day,

Kim Cole


----- Forwarded Message -----

**From:** Miranda,Jacqueline ( APG ) <jmirand1@bidmc.harvard.edu>

**To:** 'Kim Cole' <kimdave67@yahoo.com>

**Sent:** Tuesday, February 27, 2018, 10:07:00 AM EST

**Subject:** RE: [External] Intake Complaint about Abuse/ Neglect by MPSD against Julia Cole dated 4 October , 2017 with DPPC forwarded to DCF


Kim,


I have followed up with the 3rd party reviewing the record. I will let you know when I receive a response.


Jacquie

**From:** Kim Cole [mailto:kimdave67@yahoo.com]
**Sent:** Tuesday, February 20, 2018 8:52 PM
**To:** Miranda,Jacqueline ( APG )
**Cc:** Kim Cole
**Subject:** Re: [External] Intake Complaint about Abuse/ Neglect by MPSD against Julia Cole dated 4 October , 2017 with DPPC forwarded to DCF

Hello Jacqueline,

Please note I am still awaiting a response. Also a very pertinent link for Dr Yorns and her legal team completing my Sept 2017 query re: Julias apex BLL's and the confusion clarified with Atty timsons records from CLPPP . I signed what you required from Childrens hospital . As you'll recall  from these documents  Dr Michael  Shannon DID do Blood lead testing on Julia. Dr Yorns consult note is thereby incorrect and i seek this change asap. i have waited for almost a half  of a YEAR. I feel that is ample time to clarify this ethical and medical record error issue .

Sincerely,

Kim Cole

Changes to the Lead Regulation for Pediatric Healthcare Providers



**Changes to the Lead Regulation for Pediatric Healthcare Providers**

---

On Friday, January 19, 2018 12:26 PM, "Miranda,Jacqueline ( APG )" <jmirand1@bidmc.harvard.edu> wrote:

Kim,

With the holidays I had a delay in getting a third party reviewer to complete this process.  I expect to get results to you in the upcoming weeks.

**Jacqueline K. Miranda** | *Director of Compliance*

**Beth Israel Deaconess HealthCare**

464 Hillside Avenue, Suite 304, Needham, MA 02494

**Office**  617-754-0541|**Fax** 617-754-0548

**Compliance Helpline**  1-888-753-6533

**Email**  jmirand1@bidmc.harvard. edu

**Web**   bidmc.org/bidhc

**From:** Kim Cole [mailto:kimdave67@yahoo.com]
**Sent:** Wednesday, January 17, 2018 11:52 AM
**To:** Kim Cole; Miranda,Jacqueline ( APG )
**Subject:** Re: [External] Intake Complaint about Abuse/ Neglect by MPSD against Julia Cole dated 4
October , 2017 with DPPC forwarded to DCF


Hi Miranda,

 Following up with your office awaiting Appeal decision.

Thank you for your prompt attention.

Thank you


On Tuesday, November 28, 2017 9:14 AM, Kim Cole <kimdave67@yahoo.com> wrote:


Thank you jacqueline. I tried to call you yesterday . I left a message that the release was recieved just days
before your Response which I of course, filed an Appeal to. The release should have made it to you by now. As i
told Jill in September (when at a consult to ensure all applicable releases were complied) any Releases not yet
obtained can be easily remedied by a single phone call and I would promptly get to the plymouth office and
complete it. I safely assumed these items were in place in september and made it clear to Jill and other office
personnel that I wanted this data sorted out at that time in the fall.  Have you received the Childrens hospital
release  that I mailed ? And also, the  records from Dr Walsh? Jill and I addressed those items in September. I
recently went to Dr Walshs office and paid $25 dollars for records  also. Does the office have those now?   The
delays are rather troubling in light of the efforts i have made to ensure these delays didnt happen. Upon the
compilation of all the records; id like Dr Yorns thoughts on Julia's illnesses and surgeries and give me her medical
opinion on how extended exposure to 15,500+ micrograms of Pb from January 2,2003 until Letter of interim
control was invalidated by CLPPP on Feb. 12,2003 , and how it has impacted Julia's subsequent health. We
moved in in july 2002 and remained in the house  until October 2003. A Superior Court judge who has the dates of
lease (tenancy) incorrect and I provided the corrections to te court. They also failed to mention Julia Coles father
Arthur Wohl  (who was employed by the US DOJ after the 2003 lead exposure ) who also was on the lease. He
left from the hotel we lived in while the illegal deleading was happening. Years later, He found Dr Shannon and had
multiple email correspondences about julias lead levels compiled at Childrens hospital with him after a referral
from his cousin at the NIH was made to him for Julia to be seen by Dr Shannon at Childrens hospital. . I will be
seeking to get his Statements on the 2003 Pb poisoning and can get those to Dr Yorns upon receipt of them in
the future. Please send correspondences to me and not Atty Timson in the future.

Sincerely,

Kim Cole


On Wednesday, November 15, 2017 12:23 PM, "Miranda,Jacqueline ( APG )" <jmirand1@bidmc.harvard.edu>
wrote:


Kim,


I have not received your release and have not talked to Children's.  You will be getting a letter today/tomorrow
about denying your amendment request since we do not have the information to rely upon.  I've been open with

you and attorney Timson that the information I have is only the notes of Dr. Shannon referring to the CLPPP report which is not the information you want us to refer to in the record.

I will continue working on your case after I receive the authorization.

**Jacqueline K. Miranda** | *Director of Compliance*

**Beth Israel Deaconess HealthCare**

464 Hillside Avenue, Suite 304, Needham, MA 02494

**Office** 617-754-0541|**Fax** 617-754-0548

**Compliance Helpline** 1-888-753-6533

**Email** jmirand1@bidmc.harvard. edu

**Web** bidmc.org/bidhc

**From:** Kim Cole [mailto:kimdave67@yahoo.com]
**Sent:** Wednesday, November 15, 2017 11:47 AM
**To:** Jeff Granatino
**Cc:** CGT; KaitRyn Fano; Susan Dupuis; Ruthann Despier; Robert Keuther; Miranda,Jacqueline ( APG ); Ago; patrick.oconnor@masenate.gov; Samantha Cole-Reardon; Cprecycle; Leslie Lockhart
**Subject:** [External] Intake Complaint about Abuse/ Neglect by MPSD against Julia Cole dated 4 October , 2017 with DPPC forwarded to DCF

Good morning ,

Thanks to MPSD Superintendents office Ruth Ann for taking my message this morning . I am sending this email to clarify .

I spke at length with John Blackwell from Plymouth DCF Office this morning regarding the non response to my Civil Right Complaint against MPSD dated Oct 6, 2017; and about the bullying Julia has endured (including an Assault &Battery at MHS cafeteria on 12/8/16  Docket # 17DL0026PY; You may or may not be aware  filed a Complaint and addressed my list of concerns with The AGO Incident Bias Hotline on December 8, 2016 and the BOE for MHS NOT contacting me about that Dec 8, 2016 assault and battery. ) as  I construe that too as abusive and neglectful (and  these Rights violations have been ongoing for many years to present date .

I am hopeful that Dr Yorns office completes a Records correction Request (dated 12 Sept , 2017 and complied with Office Manager , Jill ) asap so as to compile the Physician Statement (Now sent 2x to Dr Yorns) enabling Julia to receive outside Tutorial Services covered under her IEP.  I have sent signed Release this week to Ms Miranda the same day I received it in the mail.  Attorney Timson provided the Pediatricians Office the correct data on Blood Lead Levels that Dr Yorns has written erroneous Consult Notes about in September and has filed a Motion for Clarification on October 18, 2017 in Superior Court .  These and other matters are part and parcel to my growing concerns for not only Julia, but for the justice she deserves in Court. Obviously, the updated & correct data is what should be presented to the Judge to ensure the requested Clarifications.

Please fax a copy of the 6 October 2017 Civil Rights Complaint (cc'd to Atty. Timson; Health & Human Services in Washington DC ; who has as of this week responded and is investigating  ; The MA AGO, The Ma Commission of Judicial Conduct ) ASAP to Mr Blackwell at **DCF . Their info in Plymouth** Area Office is :  Address. 61 Industrial Park Road, **Plymouth**, MA 02360 ;  Fax. 508-747-1239.

Please note Senator OConnors office called Atty Timson to clarify and discuss this case and they still await his response. He  (The Senator) has graciously backed An Act Relative to Lead Poisoning after we submitted it to he and Weymouth Town Councilman  https://malegislature.gov/ Bills/190/S1254.  Hopefully other families wont have to endure the troublesome  leaded hardships Julia and family  have to with the implementation of this impt Bill .

Thank you in advance for your prompt response with this request as Atty.  Timson and I have a Status Update this month.  in Superior Court for Docket PLCV20140590-A  .  Note :  Atty.  Timson presently represents Julia Cole only in this Lead Poisoning case, not any Civil Rights Claim , although I do want this Civil Rights Claim in its entirety to be presented to the Court as part of the Clarification . Sadly , The FSNC, Boston Foundation, and MAC has stated Julia is not 1. Black. 2. An illegal Citizen or 3. Autistic and doesn't therefore qualify for an Advocate. That in and of itself  speaks to the egregiousness of my Civil Rights concerns.


Thank you kindly for your prompt responses.

Kim Cole

---

This message is intended for the use of the person(s) to whom it may be addressed. It may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution, copying, or use of this information is prohibited. If you have received this message in error, please permanently delete it and immediately notify the sender. Thank you.

Hi Ms Demaris, I have  concerns that Julias IEP is out of Compliance and would like you to print this lengthy email and have it part and parcel of IEP Team meeting Notes. As of this morning Julia states she feels she is being singled out and treated in a discriminatory fashion; and while you may have made an error with principle Keuther about todays 7:30 AM meeting not being PM, it was the cause of her tardiness & shouldn't have had  to cause julia the anxiety it did this morning. As you know from prior calls and emails  we had done everything in our power to attend and secure appropriate authorization for this prom meeting.  The IEP Team and Julia and I all know one of the IEP  goals has been to Reduce anxiety/ anxious circumstances NOT allow for MHS to create them.  Ms Brandt heard Julia's  tears and her vocalize her concerns while we were on the phone today . Due to this

I would like a review of the IEP with team, particularly in light of the Mass.gov Changes to the Lead Regulation for Pediatric Healthcare Providers, which you corresponded that you forwarded to Julias teachers. I heard from a school Nurse but want all correspondences documented at a team meeting. Please let me know when one would be possible as Im not certain who the new SPED Director is or their availability. I have cc'd Dr Dupuis in some emails as of late  and wish to ensure those make it to the new Director as they are regarding these matters of import.  I find these errors  (both by MHS ; you and Mr Kuether) to drain Julia , and that saddens me .   Its even happened when the Plymouth Courts wrote her with errors about the "No Contact; Stay away " Order being just No contact. The errors need to be noted and hopefully improved upon for Julias benefit now and in the future.


Thank you

Kim Cole

**Changes to the Lead Regulation for Pediatric
Healthcare Providers**

Marshfield Public School District is an Equal Opportunity/Affirmative Action employer. Marshfield Public School District does not discriminate on the basis of race, color, religion, national origin, gender, gender identity, sex, sexual orientation, disability, homelessness, or age in programs, activities, or employment.

This communication and/or document including all attachments are intended only for the use of the person to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution, copying or use of this communication and/or document is strictly prohibited. If you have received this communication and/or document in error, please notify me immediately at the e-mail address above and delete and/or destroy all electronic and/or paper copies of this communication and/or documents including any attachments.

This communication and/or document including all attachments are intended only for the use of the person to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution, copying or use of this communication and/or document is strictly prohibited. If you have received this communication and/or document in error, please notify me immediately at the e-mail address above and delete and/or destroy all electronic and/or paper copies of this communication and/or documents including any attachments.

This communication and/or document including all attachments are intended only for the use of the person to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution, copying or use of this communication and/or document is strictly prohibited. If you have received this communication and/or document in error, please notify me immediately at the e-mail

address above and delete and/or destroy all electronic and/or paper copies of this communication and/or documents including any attachments.

## Re: Your Message

From: Yahoo Security (kimdave67@yahoo.com)

To: kimdave67@yahoo.com; eric.bove@state.ma.us; joan.beron@mass.gov; mcad@state.ma.us

Date: Wednesday, November 25, 2020, 06:53 AM EST

Dear Mr. Bove, Please note the address we lived at that is where Julia Cole and I resided in Oct 2018 when HUD referred case to MCAD that's still after TWO YEARS under investigation in Cole V. Housing (at 8 Fox Run Marshfield, Ma) . This case followed DCF TORTURING AND VIOLATING Me and MY CHILDRENS RIGHTS and the federal govt has noted DCF's Prejudice, ADA rights violations, disability rights violations and egregious failures. This is important to the Investigation as I have long alleged COLLUSION of numerous State Agencies at that exact same time frame and to date! Please contact me asap to discuss its relevance. Sincerely , Kimberly Cole 125 Royal Dane Lane Apartment 17 Abington Massachusetts 02351. 781-990-9617 https://acl.gov/news-and-events/news/massachusetts-dcf-has-repeatedly-discriminated-against-parents-disabilities

Sent from Yahoo Mail on Android

On Sat, Oct 10, 2020 at 6:46 AM, Yahoo
<kimdave67@yahoo.com> wrote:

I have multiple issues that I have discussed with MCAD but I specifically was calling to ensure NO LEGAL COI's with Ms Beron. Did she work for The Board of Ed and is she at all affiliated with Atty Susan Love .? The horrifying treatment (mistreatment, substandard efforts and response(s) from Atty Love and BSEA were part andd parcel to my DISCRIMINATION concerns . See attached. Julia Cole is
"Elana" https://www.specialedlaw.com/database/18-03420/?fbclid=IwAR3YvG-mUhxDgolodEs2yoy2LGVFAMHGSt-oBlVTZRcBzVw-5QmFfHVSiRE. The Marshfield Public School Dept and its Resourse Officers from MPD acting in a discriminanatory manner and Governor Bakers affiliations with the Judge that presided over our 2018 Superior Court Trial (Mark Hallal) and my former Atty Camille Sarrouf (referred to me by Atty Christpher Timson (who the Judges allowed to leave my case after 16 years is mind numbingly criminal behavior! Atty Sarrouf was my Atty against South Shore Hospital beginning in 2005 so his association with the Supreme Judicial Court is a violation of Judicial Canons I have filed a Motion in Superior Court on October 8, 2020 regarding these matters and how I allege they impacted my Trial in a discriminatory manner .https://whav.net/2020/02/13/gov-baker-names-sarrouf-of-north-andover-as-superior-court-associate-justice/ In addition to that Senator Patrick OConnor called Atty Timson several times just before he left me to litigate the nearly 2 decades long litigation. I call it COLLUSION and AVBUSE OF POWER . A COMMISSION AGAINST DISCRIMINATION ought to be able to connect these dots to see the maligning abusive behavior. Also, MPD Officer Arthur Shaw has my Complaint of Sexual Harassment ( also spoke of my Police report from when Jim Cabtwell PUSHED ME AT VOTING years back in Marshfield. How MPD ruled a man shoving a woman is not problematic is beyond me. I call the physical abuse and sexual harassments INTIMIDATION of a Witness (me and my children) . Officer Shaw told me Ms Beron can call him if need be as she is who referred me to both Marshfield Town Hall / Michael Maresco (who is YET ANOTHER LEGAL COI!) I have numerous documents and emails attesting to the above These are just a few issues of discrimination I and my kids have dealt with for MANY YEARS so please get back to me ASAP .
Best,
Kim Cole

On Friday, October 9, 2020, 02:02:26 PM EDT, Bove, Eric (CAD) <eric.bove@state.ma.us> wrote:

Ms. Cole:

I received a message that you are trying to contact me.   Could you let me know specifically what questions you have?  As you have several different issues going on,  I want to check on the answers before getting back to you.

---

This communication and/or document including all attachments are intended only for the use of the person to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution, copying or use of this communication and/or document is strictly prohibited. If you have received this communication and/or document in error, please notify me immediately at the e-mail address above and delete and/or destroy all electronic and/or paper copies of this communication and/or documents including any attachments.

Re: [External] Intake Complaint about Abuse/ Neglect by MPSD against Julia Cole dated 4 October , 2017 with DPPC forwarded to DCF

From: Yahoo (kimdave67@yahoo.com)

To:    eric.bove@state.ma.us; joan.beron@mass.gov; lucy.allen@hud.gov; kimdave67@yahoo.com; jcole5708@westfield.ma.edu

Date: Sunday, September 27, 2020, 08:01 AM EDT

I am sending this letter to you for MCAD's Review as the delays have caused a legal slow down. Not only do I wish to present the MCAD Investigation decision to the Court(s) to reflect DISCRIMINATION due to DISABILITY (Lead poisoning) but I ish to file against Michelle Santos (RFTA) in Civil Court. The following letter to Hinshaw and Culbertson will hopefully provide insight into Why Julia Cole (age 19)  would have difficulty answering questions due to the legal complexities and fact that much of the ongoing legal matters have been ongoing since her Lead Poisoning at age 2. ---->

" Hinshaw and Culbertson LLP
ATTN Alyssa A Aquino
Attorneys at Law
53 State Street
27th Floor
Boston, MA 02109

**RE: Kimberly Cole v Christopher Timson**
**Plymouth Superior Court Civil Action No. 1983CV00540A**

Dear Ms Aquino,

   This letter is in response to your June 5, 2019 and June 11, 2019 letters. In your June fifth letter, you state that you "anticipate filing a motion to dismiss/motion to strike the complaint in the above action. Massachusetts Rules of Civil Procedure 8 and 10 (attached hereto) require that a complaint contain a short and plain statement of the allegations and that each single allegation be contained in a separately numbered paragraph. We intend to move to dismiss and, in the alternative, to strike your complaint based on these procedural issues, as well as several substantive issues, including but not limited to, that you are precluded from sustaining a cause of action against Attorney Timson for withdrawing from his representation of you (on behalf of your daughter) because the Court approved this withdrawal and your current claims against Attorney Timson are premature because the underlying matter in which Attorney Timson represented you (on behalf of your daughter) is presently on appeal." I can appreciate that you were writing, as you stated, in a good-faith effort to narrow the areas of disagreement to the fullest extent possible, however the reason that my complaint did not include appropriately numbered allegations and statements is that upon Attorney Timson's returning my files to me, they were disorganised, in no chronological order, did not include pertinent email exchanges regarding the case he represented my daughter, Julia Cole, in, and had omitted documents. Of particular note, is the ommisions from the Massachusetts Commission Against Discrimination, whom I called in my (2002/3) mandated reporter capacity to inform about Margaret J Watston and her exposure to 15500 micrograms of lead dust at 18 Wintrhop Street in Abbington, Massachusetts. This is our former address where my family was lead poisoned, and is the property of Kathleen Frederick, a trustee of the George White Family Trust.

The concerns that I had reported to MCAD then have been reported and continue to concern me to the present day; see MCAD Docket No. 19BPR00656. That case is following up on HUDD inquiry 575664 and as can be

seen in the March 11, 2019 letter to Massachusetts Commission Against Discrimination and US Department of Housing and Urban Development Office of fair Housing and Equal Opportunity. I would like the record to reflect that Arthur Wohl, named in the aforementioned letter is Julia Cole's father, a former employee of the US Department of Justice, and the son of the Wohl family, who found Attorney Timson to litigate Julia's case over fifteen years ago. I have concerns that the two may have colluded for many years to hurt this case, and I have expressed this concern to numerous state agencies, inclusive of contacting the Department of Justice. All of this information can be found in the aforementioned docketed case with HUDD. The investigator on the MCAD is Deborah Avant (who for obvious reasons is CC'd in this letter).

I fully oppose your intended opposition, and despite the fact that Attorney Timson was allowed to withdraw from his representation with Court approval, I am also alleging collusion of the court as well. The reason being, is that I maintain that Courtroom 4 of the Brockton Superior Court is filled with chipping, peeling lead paint, and they denied my motion to 3M lead test check it and/or have a state CLPPP or BOH or DPH provide appropriate XRF testing. An XRF is a handheld X-ray fluorescence spectrometer. As this test takes only a few minutes to run and export results, it deeply concerns me as a disabled, Pro Se litigant, for my disabled daughter with plumbism that the court would allow for such a travesty in the hallowed halls of leaded justice.

Additionally, the fact that the Massachusetts Department of Public Health changed the legal allowable PEL, hence making his former client Julia Cole's blood lead level over three times the allowable PEL. This change was transpiring in the very months following my appearance at the Massachusetts State House, where I presented my bill proposal for SD.751 An Act Relevant to the Prevalence and Prevention of Lead Poisoning (see attached speech given). Attorney Timson had numerous times told me that he needed to be informed and included any time I mentioned the case, but despite this, Attorney Timson did not appear at this event, or even respond to his invitation. Additionally, he failed to return phone calls to Senator Ptarick O'Connor, whose office had endeavored on several occasions to contact Attorney Timson on our behalf about the case.

Hence pursuant to Superior Court Rule 9A, I Oppose:

1. Defendant Christopher Timson's Motion to Dismiss Plaintiff's Complaint and Request for Hearing

And will provide you with the original and a copy of my opposition. There is no memorandum attached by me because the support for my motion to oppose Attorney Timson's dismissal request of plaintiff's complaint is the entirety of Docket No. PLCV20140590-A/ Docket 1483CV00590 (case documented in Boston Appellate Court No. 2019-P-0524). As well as a Federal Case filed in the United States District Court District of Massachusetts Docket No. 18CV12456.

Thank you for your attention to this matter. Please note that on or about July 15, 2019 Julia Cole and I (Kim Cole) will be moving and our new address will be 152 Royal Dane Lane Apartment 17, in Abington, MA 02351. As of July 1, 2019 the home number (781)536-4794 will be disconnected, and I can be reached at (781)990-9617.

Sincerely Yours,


Kimberly Cole
Pro Se
8 Fox Run #8
Marshfield, MA 02050"

Fw: [External] Intake Complaint about Abuse/ Neglect by MPSD against Julia Cole dated 4 October , 2017 with DPPC forwarded to DCF

From: Yahoo Security (kimdave67@yahoo.com)

To: marc.perlman@state.ma.us

Date: Sunday, April 4, 2021, 08:31 AM EDT

Hello Mr Perlman and a happy holiday to you, I have been forwarding all of the emails that I sent to both Ms. Avant and Ms.Beron so that you have a complete compilation of all of the documents. Thanks. Kim Cole

Sent from Yahoo Mail on Android

----- Forwarded Message -----
**From:** "Yahoo" <kimdave67@yahoo.com>
**To:** "Bove, Eric (CAD)" <eric.bove@state.ma.us>, "Beron Joan (CAD)" <joan.beron@mass.gov>, "Lucy H. Allen" <lucy.allen@hud.gov>, "Kim Cole" <kimdave67@yahoo.com>, "Julia E. Cole" <jcole5708@westfield.ma.edu>

**Sent:** Sun, Sep 27, 2020 at 8:01 AM
**Subject:** Re: [External] Intake Complaint about Abuse/ Neglect by MPSD against Julia Cole dated 4 October , 2017 with DPPC forwarded to DCF

I am sending this letter to you for MCAD's Review as the delays have caused a legal slow down. Not only do I wish to present the MCAD Investigation decision to the Court(s) to reflect DISCRIMINATION due to DISABILITY (Lead poisoning) but I ish to file against Michelle Santos (RFTA) in Civil Court. The following letter to Hinshaw and Culbertson will hopefully provide insight into Why Julia Cole (age 19) would have difficulty answering questions due to the legal complexities and fact that much of the ongoing legal matters have been ongoing since her Lead Poisoning at age 2. --->
" Hinshaw and Culbertson LLP
ATTN Alyssa A Aquino
Attorneys at Law
53 State Street
27th Floor
Boston, MA 02109

### RE: Kimberly Cole v Christopher Timson
### Plymouth Superior Court Civil Action No. 1983CV00540A

Dear Ms Aquino,

This letter is in response to your June 5, 2019 and June 11, 2019 letters. In your June fifth letter, you state that you "anticipate filing a motion to dismiss/motion to strike the complaint in the above action. Massachusetts Rules of Civil Procedure 8 and 10 (attached hereto) require that a complaint contain a short and plain statement of the allegations and that each single allegation be contained in a separately numbered paragraph. We intend to move to dismiss and, in the alternative, to strike your complaint based on these procedural issues, as well as several substantive issues, including but not limited to, that you are precluded from sustaining a cause of action against Attorney Timson for withdrawing from his representation of you (on behalf of your daughter) because the Court approved this withdrawal and your current claims against Attorney Timson are premature because the underlying matter in which Attorney Timson represented you

## RE: Update, Cole v. HSSM and Home Properties Settlement

From: Montgomery, John (CAD) (john.montgomery2@state.ma.us)

To:     kimdave67@yahoo.com; elizabeth.c.caiazzi@state.ma.us

Cc:     victor.perez@state.ma.us

Date:   Wednesday, September 15, 2021, 11:13 AM EDT

Dear Ms. Cole,

Your complaints against the Boston Police Department, Marshfield Police Department, and Marshfield Fire Department remain under review.  If they are authorized for investigation, the complaints will be assigned to an investigator.

Thanks,

John

John M. Montgomery

Compliance Officer I

Massachusetts Commission Against Discrimination

One Ashburton Place, Room 601

Boston, MA 02108

(617) 994-6021

john.montgomery2@mass.gov

**From:** Yahoo Security <kimdave67@yahoo.com>
**Sent:** Wednesday, September 15, 2021 8:32 AM
**To:** Caiazzi, Elizabeth (CAD) <Elizabeth.C.Caiazzi@mass.gov>; Caiazzi, Elizabeth (CAD) <Elizabeth.C.Caiazzi@mass.gov>
**Cc:** Montgomery, John (CAD) <John.Montgomery2@mass.gov>; Perez, Victor (CAD) <victor.perez@mass.gov>
**Subject:** RE: Update, Cole v. HSSM and Home Properties Settlement

**From:** Yahoo Security <kimdave67@yahoo.com>
**Sent:** Monday, September 13, 2021 1:29 PM
**To:** Caiazzi, Elizabeth (CAD) <Elizabeth.C.Caiazzi@mass.gov>
**Subject:** Re: Update, Cole v. HSSM and Home Properties Settlement

CAUTION: This email originated from a sender outside of the Commonwealth of Massachusetts mail system.  Do not click on links or open attachments unless you recognize the sender and know the content is safe.

Hi again Elizabeth, Thank you for your call today and this information. I have not been able to figure out how to Sign the documents online so I will be awaiting them in the mail. I will inform you once they are Signed and  Mailed back to you.
Have a nice day !
Kim Cole
125 Royal Dane Lane #17
Abington, Ma
02351

On Monday, September 13, 2021, 11:06:44 AM EDT, Caiazzi, Elizabeth C (CAD) <elizabeth.c.caiazzi@state.ma.us> wrote:


Good Morning, Ms. Cole:
Attached are the TWO (not three!) documents I need for you to please review.  If you have any questions, please let me know.  Otherwise, please sign the last page of the "Settlement Agreement and Release."  Please sign the "Withdrawal."  Then either email them back to me or mail them back to me.  The sooner this happens, the sooner you will get paid and this case will be disposed of.


Thank you!

Liz

PS:  My address is:


**Elizabeth C. Caiazzi, Esq.**

**Commission Counsel**

**Massachusetts Commission Against Discrimination**

**One Ashburton Place, Room 601**

**Boston, MA  02108**

CAUTION: This email originated from a sender outside of the Commonwealth of Massachusetts mail system. Do not click on links or open attachments unless you recognize the sender and know the content is safe.

I am attaching this article to reflect the circumstances which led to my Serious and ongoing personal injury. I am very interested in hearing back from Mr. Perez and Mr. Montgomery as soon as possible regarding this matter. My thought is that their legal department has had ample time to determine whether or not sexual harassment and personal injury by police officers is appropriate and allowable under Mass state law. We all know It Is not. MCAD should ensure that I am not placed in a further legal bind in these Complaint(s) . Thanks again!
https://www.google.com/amp/s/amp.wbur.org/news/2020/12/18/boston-police-may-protest-police-abuses-investigation

Sent from Yahoo Mail on Android

On Wed, Sep 15, 2021 at 8:20 AM, Yahoo Security

<kimdave67@yahoo.com> wrote:

Hi Elizabeth can you please let me know that  even after signing this I do not have to be concerned about filing a lawsuit regarding matters not relating to the cat fees but the Sexual harrassment by a Marshfield PD and Firefighter. At present those matters that are being contended with by Mr. Perez and Mr. Montgomery. I have requested follow-up regarding this matter for many months now and the complaint as you know was filed in October of 2018. It's a seemingly legal slippery slope on my end as I am a pro se litigant and I clearly wish for those matters to be addressed as well. However you have assured me that they are separate from this matter so I simply want something in writing stating that the portion of the complaints regarding the aforementioned is not part and parcel to what I cannot move forward with in a court of law. Thank you, Kim Cole

Sent from Yahoo Mail on Android

On Mon, Sep 13, 2021 at 1:43 PM, Caiazzi, Elizabeth C (CAD)

<elizabeth.c.caiazzi@state.ma.us> wrote:

Perfect—no worries and thank you, Ms. Cole:
I have put the documents in today's mail.  You should be receiving them in two days or so.  Thank you!  Liz

Elizabeth C. Caiazzi, Esq.
Commission Counsel
Massachusetts Commission Against Discrimination
One Ashburton Place, Room 601
Boston, MA  02108
Elizabeth.Caiazzi@mass.gov
Office: (617) 994-6167

Elizabeth.Caiazzi@mass.gov

Office: (617) 994-6167

**From:** Yahoo Security <kimdave67@yahoo.com>
**Sent:** Sunday, September 12, 2021 4:23 PM
**To:** Caiazzi, Elizabeth (CAD) <Elizabeth.C.Caiazzi@mass.gov>
**Subject:** Re: Update, Cole v. HSSM and Home Properties Settlement

CAUTION: This email originated from a sender outside of the Commonwealth of Massachusetts mail system.  Do not click on links or open attachments unless you recognize the sender and know the content is safe.

Thank you for the update Liz. Much appreciated.  Sincerely, Kim Cole

Sent from Yahoo Mail on Android

On Sun, Sep 12, 2021 at 8:13 AM, Caiazzi, Elizabeth C (CAD)

<elizabeth.c.caiazzi@state.ma.us> wrote:

Good Morning, Ms. Cole:
Home Properties signed the Settlement Agreement and Release last week when I was out of the office.

Now that Settlement Agreement and Release will be sent to HSSM for their signature.  That should happen any day now.  I will then forward it to you by mail and by email for you to sign and return to me.

I will also send you the other documents you must sign: the Withdrawals. You are agreeing to withdraw only this case from the MCAD and from HUD, pursuant to the terms of the Settlement Agreement and Release. I need these documents signed and returned to me at the same time as you return the Signed Settlement Agreement.

Please continue to stand by for these three documents. I'm hopeful this will get done this week!

Thank you.
Liz


Elizabeth C. Caiazzi, Esq.

Commission Counsel

Massachusetts Commission Against Discrimination

One Ashburton Place, Room 601

Boston, MA  02108

Elizabeth.Caiazzi@mass.gov

Office: (617) 994-6167

This communication and/or document including all attachments are intended only for the use of the person to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution, copying or use of this communication and/or document is strictly prohibited. If you have received this communication and/or document in error, please notify me immediately at the e-mail address above and delete and/or destroy all electronic and/or paper copies of this communication and/or documents including any attachments.

This communication and/or document including all attachments are intended only for the use of the person to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are

3/3/21

To : Brockton Superior Court

72 Belmont Street

Brockton, Ma. 02301

Re: Kimberly Cole V Christopher G. Timson Esq.

Docket # 1983CV00540

### MOTION TO CLARIFY DOCKET REPORT

I, Kimberly Cole, Pro Se litigant, am filing this MOTION to clarify the Docket report for Docket # 1983CV00540 .

Per Clerk of The Courts Pattrick Creedon any dialogue in a courtroom between a Plaintiff or Defendent is Recordd and added to the Docket for the case. In regards to this above Docket (Cole V Timson) however, there is Omitted Information regarding the Date of September 22, 2020. The Docket report entry states that on that date in Civil A , the Rule 12 Hearing was "RESCHEDULED and NOT HELD" . That is not a true and accurate Entry and per my discussion with Mr Creedon yesterday (3/2/2021 ) this matter has been taken under Advisement and he assured me that as soon as he discovers where the RECORDING of the Courtroom dialogue is found it will be added to the Docket Report  so that plaintiff's REQUEST FOR TRANSCRIPTS can provide the  true and accurate statements , dates and requested data necessary to complete the Request.

I need to immediatly follow up in an  email to Mark Barrette , Coordinator for handling my transcript Order at The Office of Transcription Services. He has been aprised of the aforementioned circumstances with the Ommitted Docket Report entry of  Meeting with Judge Angel Kenney Brown, Conrad Boone, a Security Guard and Me (Plaintiff Cole) in the Courtroom on 22 September 2020. The Judicial Recusals , the lost Transcripts from PLCV20140590A in 2018, Omitted Docket reports Entries are in my opinion,  a Violation of the Americans With Disabilities Act of 1990 (42 U.S.C.S 12101) is the Civil rights Law that makes these aforementioned  types of maligning, confusing , delaying  court actions , DISCRIMINATORY BASED ON DISABILITY.  When coupled with NUMEROUS JUDGES and their unexplained  RECUSALS from this  legal matter, it has made mine and my famileis  extremely difficult and painful Lead Poisoning , more difficult and painful . I pray the Court will approve this MOTION and afford The ProSe Litigant the same Civil, Human Rights as all others.

I seek an explanation, in writing from the Brockton Superior Court to provide to OTS  as soon as possible

1

THE COMMONWEALTH OF MASSACHUSETTS
COMMISSION AGAINST DISCRIMINATION
One Ashburton Place, Boston, MA 02108
Phone: (617) 994-6000 Fax: (617) 994-6024

*VIA REGULAR AND CERTIFIED MAIL*

Date: 01/29/19

Kimberly Cole
8 Fox Run, Apt. #8
Marshfield, MA 02050

RE: Kimberly Cole v. Home Properties and Housing Solutions for Southeastern Massachusetts

Dear Mrs. Cole,

On January 29, 2019, I spoke with you on the telephone regarding events that occurred to you during your tenancy at The Village at Marshfield (managed by Home Properties). I have drafted a summary of the events that you described to me and created a complaint based on those events. Enclosed please find a copy of that complaint that you intend to file with the Commission. Please review the complaint, verify that it is true and correct, and sign and date it in **blue ink**, and return it to the MCAD.

In order to complete the processing of the complaint, we need to receive the original signed complaint from you.  **Please be advised that until you return the complaint you have not filed a complaint with this Commission.**

**Please be advised that if we do not hear back from you regarding your complaint by Friday Friday, March 1, 2019, we will assume that you no longer wish to file a complaint with the Commission and the file will be closed.**

Please feel free to contact me should you have any questions.

Sincerely,

Cromwell Johnson
Intake Specialist
Massachusetts Commission Against Discrimination
One Ashburton Place, Room 601
Boston, MA 02108
P: (617) 994-6026

MCAD Mail-in, Letter to Complainant.

THE COMMONWEALTH OF MASSACHUSETTS
COMMISSION AGAINST DISCRIMINATION
One Ashburton Place, Boston, MA 02108
Phone: (617) 994-6000 Fax: (617) 994-6024

Date: 10/6/2020

Kimberly Cole
125 Royal Dane Lane Apt 17
Abington, MA 02351

**RE: Kimberly Cole v. Housing Solutions for Southeastern Mass., Home Properties d/b/a
The Village at Marshfield
MCAD Docket Number: 19BPR00656
HUD Federal Charge Number: 01-19-1760-8**

Dear Parties:

Pursuant to the Fair Housing Act, the Commission is hereby notifying you that this matter was
filed 1-year ago and it has been impracticable to close this matter within that time.

- Delays related to the COVID 19 Outbreak
- More time is needed to complete the investigation

As a result, this investigation will continue beyond the 100th day.  MCAD asks for your
cooperation in completing this investigation as soon as possible. Please call me if you have any
questions.  I can be reached at 617-994-6058.

Sincerely,

Alisa Bekk
Investigator

Cc:
Home Properties d/b/a The Village at Marshfield
Attn: Legal Department
850 Clinton Square
Rochester, NY 14604

Housing Solutions for Southeastern Mass.
Attn: Legal Department
169 Summer Street
Kingston, MA 02364



**The Commonwealth of Massachusetts**
**Commission Against Discrimination**
**One Ashburton Place, Boston, MA 02108**
Phone: (617) 994-6000 Fax: (617) 994-6024

| MCAD DOCKET NUMBER: | EEOC/HUD CHARGE NUMBER: |
|---|---|
| FILING DATE: | VIOLATION DATE: 01/25/19 |

------------------------------------------------------------

Name of Aggrieved Person or Organization:
Kimberly Cole
8 Fox Run, Apt. #8
Marshfield, MA 02050
Primary Phone: (781)536-4794 ext. ____

------------------------------------------------------------

Named is the employer, labor organization, employment agency, or state/local government agency who discriminated against me:
Housing Solutions for Southeastern Massachusetts
Attn: Legal Department
169 Summer Street
Kingston, MA 02364
Primary Phone: (781)422-4200 ext. ____

Home Properties d/b/a The Village at Marshfield
Attn: Legal Department
850 Clinton Square
Rochester, NY 14604

------------------------------------------------------------

Cause of Discrimination based on:
Disability (anxiety; depression; emotional support cat); Retaliation.

------------------------------------------------------------

The particulars are:
I, Kimberly Cole, the Complainant believe that I was discriminated against by Housing Solutions for Southeastern Massachusetts and Home Properties d/b/a The Village at Marshfield, on the basis of Disability and Retaliation. This is in violation of M.G.L. 151B Section 4 Paragraphs 4, 6 and 7a and Title VIII.

1.      In or around October of 2015, I started living at the property located at 8 Fox Run, Apt. #8, Marshfield, Massachusetts 02050, commonly known as The Village at Marshfield ("The Village"). The property is managed by Respondent Home Properties ("Home Properties"). My rent is paid by Respondent Housing Solutions for Southeastern Massachusetts ("Housing Solutions").

2.      Since moving to The Village, Home Properties has required that I pay a monthly pet fee for my cat even though I informed them that my cat is an emotional support animal for both my daughter and I. My daughter (18 years-old) and I both suffer from anxiety and depression, and the cat provides emotional support to us. The day I first moved in I informed Harriett L/N/U within the property management office of our medical conditions and our emotional support cat. After Home Properties started to charge me a monthly pet fee, I complained several times over the phone that my cat was an emotional support animal, but Home Properties continued charging me the monthly pet fee. I only stopped paying the monthly fee in December of 2018, when Home Properties finally requested that I provide medical documentation certifying the cat to be an emotional support animal.

3.      Additionally, on or about January 25, 2019, Diane L/N/U from Home Properties' management office telephoned me to inform me that I had "underpaid." I believe that Home Properties is doing this because they are concerned that I may be a whistleblower for violations of the lead paint law. In fact, sometime in 2018 I complained to Home Properties that I am concerned about there being lead paint in the The Village's playground—my children are 18, 23 and 30 years of age,

8. Based on the foregoing, Complainant believes Home Properties discriminated against her on the basis of disability and failure to accommodate by requiring her to pay a monthly pet fee for her emotional support cat. Complainant also believes that Home Properties has retaliated against her, based on suspicions that she will make public violations that have a negative effect on families with children at The Village, by falsely claiming that she has underpaid her rent.

9.

**9.     The most recent date on which the alleged discrimination occurred:**

January 25, 2019

**10.    Types of Federal Funding Identified:**

**11.    The acts alleged in this complaint, if proven, may constitute a violation of the following sections:**

804a or b, and 804f3B of Title VIII of the Civil Rights Act of 1968 as amended by the Fair Housing Act of 1988.

**Please sign and date this form:**

**I declare under penalty of perjury that I have read this complaint (including any attachments) and that it is true and correct.**

Kimberly Cole                              Date

**N O T E : HUD WILL FURNISH A COPY OF THIS COMPLAINT TO THE PERSON OR ORGANIZATION AGAINST WHOM IT IS FILED.**



9314 8000 3860 0214 5046 64

Home Properties d/b/a The Village at Marshfield
850 Clinton Square
Rochester, NY 14604

8.    **The following is a brief and concise statement of the facts regarding the alleged violation:**

1.  Complainant believes that she was discriminated against by Housing Solutions for Southeastern Massachusetts and Home Properties d/b/a The Village at Marshfield, on the basis of Disability and Retaliation. This is in violation of Title VIII.
2.  Complainant identifies as having a disability that requires her to have an emotional support animal. This animal is a cat.
3.  In or around October of 2015, Complainant started living at the property located at 8 Fox Run, Apt. #8 Marshfield, Massachusetts 02050, commonly known as The Village at Marshfield ("The Village"). The property is managed by Respondent Home Properties ("Home Properties"). Complainant's rent is paid by Respondent Housing Solutions for Southeastern Massachusetts ("Housing Solutions").
4.  Since moving to The Village, Home Properties has required Complainant to pay a monthly pet fee for her cat even though Complainant informed them in September of 2017 that her cat is an emotional support animal. Complainant stated she informed Harriett L/N/U within the property management office of her medical conditions and her emotional support cat the day she moved in.
5.  After Home Properties started to charge her a monthly pet fee, Complainant contacted the Respondent several times over the phone in the fall of 2018 to inform them that her cat was an emotional support animal, but Home Properties continued charging her the monthly pet fee. Complainant stopped paying the monthly fee in December of 2018, after Home Properties requested that she provide medical documentation certifying the cat to be an emotional support animal. Complainant has provided Respondent documentation that her cat is a service animal.
6.  Sometime in 2018 Complainant complained to Home Properties that she was concerned about there being lead paint in the The Village's playground.
7.  On or about January 25, 2019, Diane L/N/LJ from Home Properties' management office telephoned the Complainant to inform her that she had "underpaid." Complainant believes that Home Properties is retaliating against her because they are concerned that she may be a whistleblower for maintaining facilities that are hazardous to families with children. Specifically complainant believes Respondent's suspicions that she is a whistleblower stems from violations of lead paint laws that Complainant made widely-known to the public in 2003 at a former residence of hers.





**U.S. Department of Housing and Urban Development**

Office of Fair Housing & Equal Opportunity
Thomas P. O'Neill, Jr. Federal Building
10 Causeway Street, Room 321
Boston, Massachusetts 02222-1092

**New England**

**(617) 994-8300**
**(617) 565-7313 (FAX)**

October 25, 2018

Kim Cole
8 Fox Run, #8
Marshfield, MA 02050
Kimdave67@yahoo.com

Dear Ms. Cole:

Subject: Cole  v.  Home Properties/Housing Solutions
         Inquiry No. 567888

   This letter is to acknowledge receipt of your inquiry. We will evaluate to determine if your allegations can be investigated under the jurisdictional requirements of the Fair Housing Act. HUD attempts to complete this intake process within 30 days of the receipt of your inquiry. Your collaboration is essential during this entire intake process.

   During this process, you will be required to interact with the analyst assigned to your inquiry. This interaction includes but is not limited to: answering questions and providing requested documentation; returning phone calls, emails and any other correspondence sent to you for a reply; providing any other documentation the analyst deems necessary to proceed with the evaluation of your allegations. Please ensure that this office has your current telephone number and mailing address and keep us advised of any changes. Failure to respond to your analyst may result in the closure of your inquiry.

   If you have any question please contact the analyst assigned to your inquiry, **Ms. Lee González** at **617-994-8317** or (800) 827-5005 or by email to Lee.González@hud.gov. Our TDD number is (617) 565-5453.

Sincerely

Carlos Torres.
Acting Intake Branch Chief

7 Sept 2018

To:
Housing Solutions
169 Summer Street
Kingston, MA 02346

From:
Kimberly Cole
8 Fox Run #8
Marshfield, MA 02080

Dear Jennifer Long,

I am writing to follow up with our recent meeting with Victor in August of 2018 regarding my housing. I am tennent number 31988. At this meeting with Victor, we discussed my decrease in child support, court ordered in March of 2018, the reimbursement money owed to me by Housing Solutions for being overcharged my HSSM Tennent Share. At the meeting, Victor and Jennifer showed me paperwork attesting to my new rental amount of $488 per month, within a week, mailed to my home, I received a letter from HSSM stating the tennent share is $569. I paid the amount (including the $25 monthly cat fee I pay) to Home Properties, despite being unsure of which tennent share amount I was supposed to be paying. Please consider the September rent and any overpayment in the reimbursement figure.

I have provided HSSM with my social security determination letter, social security figures, and updated Department of Revenue records of child support payments in an effort to keep Housing Solutions abreast of changes. Please note, this past week, I dropped off "Social Security Administration Retirement, Survivors and Disability Insurance Important Information" to reflect that my finances have decreased even further. This happened due to MassHealth health coverage being cancelled, which I have appealed as of August 22, 2018. I feel I would be remiss if I failed to mention that I have been through approximately five case managers since my Housing Solutions case began in 2015. I have questioned the tennent share amount due to the ongoing financial changes with these HSSM case managers due to the fact that my family's five day Superior Court lead poisoning trial was taking place in February and March of 2018. The fact that Victor informed me that in the months from January 2018 to present, I have been paying an erroneous tennent rental share was a bit of a disturbance due to the exorbitant legal costs I faced and continued to face with this court case heading into an appeal. Please note, I was informed on September 4, 2018 by the Hanover Social Security Office that Julia Cole has been giving a full disability allowance, and that paperwork is currently being generated, and is anticipated to arrive at my home by October 2018. Victor said that disability status means that there would be a deduction in my tennent rental share.

Thank you very much for your efforts to resolve this ongoing matter, have a nice day.

Best Regards,

Kim Cole



**New England**

**U.S. Department of Housing and Urban Development**

Office of Fair Housing and Equal Opportunity
Thomas P. O'Neill, Jr. Federal Building
10 Causeway Street
Boston, Massachusetts 02222-1092

March 14, 2019

Kimberly Cole
8 Fox Run, Apt. #8
Marshfield, MA 02050

Dear Complainant:

Subject:     Housing Discrimination Complaint
              Cole v Housing Solutions
              Inquiry No.: 578325
              HUD File No.: 01-19-1760-8

On February 25, 2019, the U.S. Department of Housing and Urban Development (HUD) accepted your complaint of housing discrimination under the Fair Housing Act (the Act) [42 U.S.C. 3601, et seq.]. Please retain the attached copy of the complaint for your records. This letter refers only to the complaint listed above. HUD will send you separate notice(s) regarding any other complaints you have filed.

HUD has referred your complaint to the Massachusetts Commission Against Discrimination for investigation as required by the Act [42 U.S.C. 3610(f)]. HUD has determined that the fair housing law that the Massachusetts Commission Against Discrimination enforces is substantially equivalent to the Act, and it has the authority to address discrimination within the area where your complaint arose. The Massachusetts Commission Against Discrimination, therefore, will take all further action on this complaint. Please direct any questions you may have about the processing of your complaint, or any additional information that supports it, to that agency. If the Massachusetts Commission Against Discrimination fails to begin processing your complaint within 30 days, HUD may take up your complaint again. Otherwise, HUD will not send you any further correspondence regarding this complaint.

During its investigation of your complaint, the Massachusetts Commission Against Discrimination will attempt to informally resolve the complaint through conciliation. If the parties cannot reach an agreement, the Massachusetts Commission Against Discrimination will complete its investigation and issue a decision on whether there was a violation of the law. If you do not agree with the final decision of the Massachusetts Commission Against Discrimination, you can appeal in accordance with the agency's procedures. You cannot appeal the decision to HUD.

In addition to filing your complaint with the Massachusetts Commission Against

Dear Lee Gonzalez,

- **What happened?**
  - I was informed by my mother, who is a real estate agent, during a passing conversation regarding rentals that disabled people with comfort and care service pets cannot be charged extra (fees) for the pet. I briefly researched and found this link https://www.ada.gov/regs2010/titleIII_2010/titleIII_2010_regulations.htm
  - *Prohibition against surcharges for use of a service animal.* In the NPRM, the Department proposed to incorporate the previously mentioned policy guidance, which prohibits the assessment of a surcharge for the use of a service animal, into proposed § 36:302(c)(8). Several commenters agreed that this provision makes clear the obligation of a place of public accommodation to admit an individual with a service animal without surcharges, and that any additional costs imposed should be factored into the overall cost of doing business and passed on as a charge to all participants, rather than an individualized surcharge to the service animal user. Commenters also noted that service animal users cannot be required to comply with other requirements that are not generally applicable to other persons. If a public accommodation normally charges individuals for the damage they cause, an individual with a disability may be charged for damage caused by his or her service animals. The Department has retained this language, with minor modifications, in the final rule at § 36.302(c)(8).
  - 
- **When did it happened?**
  - October 2018
- **Where did it happened?**
  - Fox Run, Marshfield MA (the Village at Marshfield managed by Home Properties)
- **Who said what?**
  - Kim Cole posed this query of HUD via their phone line and Inquiry No. 567888 resulted from that call. I can appreciate that this inquiry is called a complaint, however I presume that South Shore Housing, HUD, and Home Properties (one or all) would be privy to this information which I maintain should have been the case since the inception of my lease hear at Fox Run.
- **Why do you believe is discrimination?** (race, color, national origin, religion, sex, familial status, and/or disability)
  - Disability because according to MGL Section 36.302 (c)(8) which is "Prohibition against surcharges for use of a service animal."
- **How did you found out about the property** (craigslist, newspaper, website, sign in property, etc.)
  - Online; sadly after being a victim of the Independent Foreclosure Review and illegally losing my owned property in Massachusetts I sought the assistance of South Shore housing in Kingston.
- **Do you have a copy of the advertisement** (please provide a copy)
  - No
  -

THE COMMONWEALTH OF MASSACHUSETTS
COMMISSION AGAINST DISCRIMINATION
One Ashburton Place, Boston, MA 02108
Phone: (617) 994-6000 Fax: (617) 994-6024

*[handwritten: Deborah Avant will email me her New Bedford contact info. Add MCAD Docket # below.]*

Date mailed: 3/8/2019

Kimberly Cole
8 Fox Run, Apt. #8
Marshfield, MA 02050

RE: Kimberly Cole v. Housing Solutions for Southeastern Mass., Home Properties d/b/a The
Village at Marshfield
MCAD Docket Number 19BPR00656
HUD Federal Charge Number:

Dear Complainant Party:

Please be advised that the Massachusetts Commission Against Discrimination (MCAD) has
assigned a member of its staff to investigate the above referenced complaint of discrimination. The
Commission's investigator will review the allegations in the complaint and will keep the parties
informed of developments arising from that investigation.

The Respondent has been advised that it must provide you with a copy of its Position Statement.
You may submit a Rebuttal to that Position Statement to the Commission within three (3) days
after you receive the Position Statement.

It is our policy to determine whether the parties are willing to consider mediation in order to
facilitate a rapid, informal and voluntary resolution of this dispute. The Commission encourages
such resolutions as an alternative to the often lengthy and expensive litigation process. If you are
interested in voluntarily resolving this matter through mediation, or you would like to discuss the
possibility of settlement, please contact the investigator named below.

If you have any questions pertaining to this investigation, please contact the investigator named
below or Vera Schneider, Housing Supervisor, at 617-994-6091.

Sincerely,

Deborah A'vant
Investigator

*[handwritten notes: needs Reasonable Accomodation letters + all data mailed to her]*

*[handwritten notes: missed call on 3/15/19 from MCAD. left message for me from A'vant]*

*[handwritten notes: (774)510-5801]*

*[handwritten notes: Atty spoke to Ms. DA'vant who said she will call SE Housing to see if the move is a offer of settlement. Rebecca 911 Angelica says in 3/20]*