UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                              )
KIMBERLY COLE,                )
         Plaintiff,           )
                              )        Civil Action No.
         v.                   )        21-11595-NMG
                              )
MASSACHUSETTS COMMISSION AGAINST )
DISCRIMINATION,               )
         Defendant.           )
                              )
```

ORDER

GORTON, J.

Pro se litigant Kimberly Cole brings this action in which she alleges that Massachusetts Commission Against Discrimination ("MCAD") was negligent or otherwise derelict in its duties with regard to the handling of a claim of discrimination Cole had filed with the agency. For the reasons stated below, the Court will order Cole to file an amended complaint.

I.   Procedural History

In an order dated January 5, 2022 (Dkt. # 4), the Court allowed Cole's motion for leave to proceed in forma pauperis and ordered that Cole show cause why the action should not be dismissed in light of the MCAD's immunity under the Eleventh Amendment. The Court also stated in this order that Cole's complaint did not contain a "short and plain statement of a claim showing that the [plaintiff] is entitled to relief," as

required by Rule 8(a)(2) of the Federal Rules of Civil Procedure. _Id._ at 2 n.1. The Court specified that "[a]ny response to the show cause order must be accompanied by an amended complaint which contains a well-pled claim that is not precluded by the Eleventh Amendment." _Id._ at 2-3.

Cole's response to the Court's show cause order (Docket # 13), does not meet the requirements articulated by the Court. Responding to the Court's conclusion that her complaint did not comply with Rule 8(a) of the Federal Rules of Civil Procedure, Cole states: "Regarding Plaintiff providing 'a short and plain statement' Your Honor needs to question Why the MCAD has taken over three years to fulfill their obligation to the complainant/Plaintiff." _Id._ at 2. Cole further states that she "is providing more documentation for Your Honor to use in his consideration." _Id._ The documentation consists of eight pages of what appear to be email communications between Cole and MCAD employees. Cole also suggests in her show cause response that she is asserting a claim under the Americans with Disabilities Act ("ADA") and that the Eleventh Amendment does not preclude her from bringing said claim in federal court.

## II. Discussion

Cole is correct in asserting that the Commonwealth's Eleventh Amendment immunity does not preclude her from asserting a disability discrimination claim against the MCAD in this

Court. Title II of the ADA ("Title II") prohibits "public entities" from excluding disabled individuals from entities' "services, programs, or activities." 42 U.S.C. § 12132. A "public entity" is defined as "any State or local government," or "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1). The MCAD falls with the definition of a "public entity."

However, Cole has not set forth a plausible claim against the MCAD for discrimination on the basis of disability. She has not clearly identified her disability. Cole has also failed to identify the manner in which the MCAD failed to accommodate her disability or otherwise discriminated against her on the basis of disability. She does include pages of emails with her show cause response, but the Court cannot discern from them the basis of a claim under Title II of the ADA.

If Cole wishes to pursue a claim against the MCAD under Title II of the ADA, she must file an amended complaint setting forth a "short and plain" statement of that claim. The factual allegations and the legal claims in the amended complaint shall be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Cole's amended complaint shall not depend on exhibits. The Court must be able to understand Cole's ADA claim by reading

3

the numbered paragraphs of the amended complaint.  The Court must also be able to reasonably infer from Cole's factual allegations that the MCAD violated Title II of the ADA.

### III. Conclusion

Thus, if Cole wishes to assert a claim against the MCAD under Title II of the ADA, she must file an amended complaint in accordance with the above instructions.  Failure to do so within thirty-five (35) days of the date of this order may result in dismissal of this action.

    **So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated: 04/06/2022

4