UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIMBERLY COLE,            )<br>        Plaintiff,       )<br>                          )    Civil Action No.<br>        v.                )    21-11595-NMG<br>                          )<br>MASSACHUSETTS COMMISSION AGAINST )<br>DISCRIMINATION,           )<br>        Defendant.        )<br>                          ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Now before the Court is the amended complaint of <u>pro se</u> litigant Kimberly Cole, in which she claims the Massachusetts Commission Against Discrimination ("MCAD") discriminated against her on the basis of disability vis-à-vis its handling of a claim Cole had filed with the agency. For the reasons set forth below, the Court will order that this action be dismissed for failure to state a claim upon which relief can be granted.

**I.  Procedural Background**

In its previous orders, the Court found that Cole had failed to state a claim upon which relief can be granted because the MCAD's Eleventh Amendment immunity precluded Cole's claims and because her pleading did not contain a "short and plain statement of [her] claim." Fed. R. Civ. P. 8(a)(2). The Court left open the possibility of a claim under Title II of the

Americans with Disabilities Act and gave Cole the opportunity to file an amended complaint to assert such a claim. Cole timely filed her amended complaint (Dkt. #8).

## II.  The Amended Complaint

Cole sets forth her claims in four bulleted paragraphs. In the first paragraph, Cole states that her claims arise from the MCAD's handling of an administrative complaint that Cole filed with the MCAD in October 2018. Cole represents that the complaint concerned three separate matters: (1) a landlord who unlawfully charged Cole fees to have a cat; (2) sexual harassment of Cole by the Marshfield Police and Fire departments; and (3) the assault and battery of Cole by the Boston Police Department. Cole represents that the matter concerning the cat fees was settled. Id. at 2.

In the second bulleted paragraph, Cole alleges that MCAD "allowed for ongoing discrimination by not addressing" her allegations that the Marshfield Police and Fire departments sexually harassed her" and that the Boston Police Department had used teargas on her. Id.

In the third bulleted paragraph, Cole alleges that the MCAD's failure to investigate crimes she reported to them was "discriminatory and favors Perpetrator of said crimes." Id. These alleged crimes all concern events at the apartment complex where Cole lived: an "erroneous and Retaliatory eviction,"

2

staff breaching Cole's privacy, staff damaging her car, the existence of a "nail sticking out of the door" (which injured Cole), and the existence of "a lead paint coated playground." Id.

In the fourth bulleted paragraph, Cole alleges that she "repeatedly requested to meet in person with the [MCAD] investigators due to the voluminous paperwork and Plaintiff's worsening bilateral cataracts." Id. at 3. She further represents that she "was not allowed this accommodation which is covered under ADA." Id. Cole also claims she had previously stated to the MCAD that "[i]n the absence of counsel and an appropriate ADA accommodation a ruling against Plaintiff is of itself a violation of ADA §36.102." Id.[1]

**III. Discussion**

To state a claim upon which relief can be granted, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The

---

[1] To the extent "ADA §36.102" is a reference to 28 C.F.R. § 36.102, the cited regulation is not relevant to this litigation. The regulation concerns Title III of the ADA, see 28 C.F.R. § 36.101(a), while Cole asserts claims under Title II of the ADA.

complaint must "contain sufficient factual matter, accepted as true" to state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Title II of the ADA states in broad language that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The statute guards not only against intentional discrimination based on disability, but also against exclusion of a qualified person with a disability from the benefits of a public entity's services because the public entity failed to provide a reasonable modification for a disability. Thus, "[a] plaintiff seeking relief under Title II 'must establish: (1) that [s]he is a qualified individual with a disability; (2) that [s]he was excluded from participating in, or denied the benefits of a public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits, or discrimination was by reason of [her] disability.'" Kiman v. N.H. Dep't of Corrs., 451 F.3d 274, 283 (1st Cir.2006) (quoting Parker v. Universidad de P.R., 225 F.3d 1, 5 (1st Cir.2000)).

The statute does "not require States to employ any and all means" to make a public entity's services accessible. Tennessee

4

v. Lane, 541 U.S. 509, 531 (2004).  "It requires only 'reasonable modifications' that would not fundamentally alter the nature of the service provided, and only when the individual seeking modification is otherwise eligible for the service." Id. at 532.

   Here, Cole has not alleged facts from which the Court may reasonably infer that the MCAD violated her rights under Title II of the ADA.  Cole's first three bulleted paragraphs contain wholly conclusory allegations of discrimination, which the Court cannot credit because there is no suggestion that any discrimination, let alone discrimination based on an alleged disability, occurred.

   The fourth bulleted paragraph may be construed as alleging that the MCAD discriminated against Cole by failing to accommodate a disability.  According to the amended complaint, the accommodation for which Cole "repeatedly" asked was "to meet in person with the [MCAD] investigators due to the voluminous paperwork and Plaintiff's worsening bilateral cataracts." Compl. at 3.  However, Cole has not alleged how a meeting with MCAD investigators would have accommodated her alleged disability, or why such an accommodation would have been reasonable.  The Court does not assume that, as employees of the MCAD, the investigators are permitted to assist pro se parties with "voluminous paperwork."  In addition, Cole's allegations do

5

not permit the Court to reasonably infer that the denial of Cole's request to meet with MCAD investigators excluded her from participating in or denied her the benefits of the MCAD's services based on her assumed disability.  That her litigation in front of the MCAD did not end in her favor does not mean that she was denied the participation in or benefits of the agency.

### III. Conclusion

For the reasons stated above, the Court orders that this action be DISMISSED for failure to state a claim upon which relief can be granted.

**So ordered.**

                                             /s/ Nathaniel M. Gorton
                                          Nathaniel M. Gorton
                                          United States District Judge

Dated: May 18, 2022